**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Nicolas BULLOCK, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 19, 2008.

Filed April 28, 2008.

James A. Lammendola, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, DONOHUE, and FITZGERALD *, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on October 28, 2005, at which time Appellant Nicholas Bullock was sentenced to an aggregate term of twenty-six (26) years to fifty-two (52) years in prison. Upon a review of the record, we affirm.

¶ 2 The trial court aptly summarized the factual background of this case as follows:

On April 18th, 2004, at approximately 1:30 a.m., [Appellant] parked his vehicle on or near the 3800 block of North 13th Street. (N.T. 8/24/2005, pg 68; N.T. 8/25/2005, pg. 24). Appellant's girlfriend, Juanita Cottrell, exited the vehicle and proceeded to walk northbound towards Pike Street. As she was walking, she was approached by Ronald Alston, the decedent, who offered to sell her drugs and made lascivious comments about her figure. (N.T. 8/23/2005, pgs.184, 185).[ ][A]ppellant then exited the vehicle and initiated a verbal confrontation with Alston, and within seconds drew a .22 caliber revolver which he fired three times. (N.T. 8/25/2005, pgs.33, 34). Alston was hit by two bullets, one in the chest and another in the back as he turned to run. (N.T. 8/24/2005, pg.17). Appellant and his girlfriend got into [A]ppellant's car and left the scene. (N.T. 8/25/2005, pg.40).

When police arrived and found Alston still alive, medics were expedited to the scene. (N.T. 8/23/2005, pg.114). Ronald Alston was pronounced dead at Temple Hospital just after 2:00 a.m. on April 18th. (N.T. 8/24/2005, pg.14). He sustained a fatal gunshot wound to the heart, and another gunshot wound to the back. The two bullets were recovered from the body and were found to have been fired from a .22 caliber revolver. (N.T. 8/24/2005, pg.194).

Police at the scene questioned one eyewitness, Kusan Williams, who identified Juanita Cottrell as the woman who left with the shooter and gave officers a description of the shooter. He described the shooter as a black male in his late twenties, with a light complexion, driving a Ford Bronco. (N.T. 8/23/2005, pg.158).

Later that morning the police went to Nicholas Bullock's home and arrested him for the murder of Ronald Alston. A .22 caliber revolver was recovered from [ ][A]ppellant's home, as well as a total of ten spent shell casings; seven of which were in a jar and three were from a trash can. (N.T. 8/24/2005, pg.191).

Trial Court Opinion, 7/19/2007, at 1–2.

¶ 3 Following a jury trial, Appellant was convicted of Third Degree Murder,[1] Carrying a Firearm without a License,[2] and Possessing Instruments of Crime.[3] Appellant received a sentence of twenty (20) years to forty (40) years on the murder charge along with three and one-half (3½) years to seven (7) years in prison on the Carrying a Firearm without a License charge and two and one-half (2½) years to five (5) years on the Possessing Instruments of Crime charge. These sentences were to be served consecutively.

¶ 4 On November 4, 2005, the sentencing court denied Appellant's Motion for Reconsideration of Sentence. On November 17,

* Former Justice specially assigned to the Superior Court.

1.  18 Pa.C.S.A. § 2502(c).

2.  18 Pa.C.S.A. § 6108.

3.  18 Pa.C.S.A. § 907.

2005, Appellant filed his Notice of Appeal, and on November 21, 2005, the trial court filed an Order pursuant to Pa.R.A.P. 1925(b). On December 5, 2005, Appellant filed his Response to the Court's Rule 1925(b) Order. On July 19, 2007, the trial court filed its Opinion pursuant to Pa. R.A.P.1925(b).

¶ 5 In his brief, Appellant raises the following five (5) issues for our review:

A. Whether the trial court erred in failing to grant the Appellant's Motion in Limine concerning the exclusion of the Appellant's prior criminal record for robbery?

B. Whether the court erred in not allowing the defense to impeach the credibility of the Commonwealth's chief witness, Juanita Cottrell?

C. Whether the weight and the sufficiency of the evidence were insufficient to convict the Appellant where he was acting in self-defense when he shot the decedent?

D. Whether the trial court erred in failing to give the defense an addict charge concerning the testimony of Commonwealth witness Juanita Cottrell?

E. Whether the trial court abused its discretion in sentencing the Appellant beyond the aggravated guideline range and denying the Appellant's Motion for Reconsideration? Brief for Appellant at 5. As each issue but the initial one involves a waiver analysis, we will consider Appellant's last four arguments first.

¶ 6 In his second issue, Appellant claims the trial court erred in failing to allow the defense to impeach the credibility of a Commonwealth witness, Juanita Cottrell, with a copy of a letter she allegedly wrote for defense counsel's private investigator in which she stated she saw the decedent reach for a gun before Appellant shot him. Brief for Appellant at 13. Our review of the record reveals, and the trial court correctly discusses in its Opinion, that Ms. Cottrell did not write a letter to the private investigator, Mark Shaffer; rather, Mr. Shaffer made notes as a result of a conversation he had with Ms. Cottrell over the telephone regarding the shooting death of Ronald Alston. N.T., 8/24/05, at 148–151. As such, this claim is waived for Appellant's failure to raise it in a timely manner. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *Commonwealth v. Tareila,* 895 A.2d 1266, 1270 n. 3. (Pa.Super.2006). Appellant made no reference to a letter written by Ms. Cottrell to Mr. Shaffer in his Pa.R.A.P.1925(b) statement.[4] Thus, the claim is waived.

---

4. With regard to this claim, Appellant stated the following:

The court erred in not allowing the defense to impeach the credibility of the Commonwealth's chief witness, Juanita Cottrell, in that Ms. Cottrell, by way of an August 17, 2005[,] letter, addressed to defense counsel from the latter's investigator, Mark Shaffer, indicated that Ms. Cottrell told Mr. Shaffer that she saw the Deceased at the time of the incident reach behind his back as if to withdraw a firearm that was being hid (sic) behind his back, and that she assumed in light of that, that [Appellant] acted in self-defense.

*See* "[Appellant]'s Response to the Court's Rule 1925(b) Order Directing [Appellant] to Give a Statement of the Matters Complained of on Appeal," at 2.

Assuming, *arguendo,* that in his brief Appellant is attempting to reference Mr. Shaffer's notes which incorporate Ms. Cottrell's statements to him, such statements were inadmissible as they constitute hearsay, or statements other than those made by the declarant under oath at trial or hearing which are offered into evidence to prove the truth of a matter asserted, and no exception to the rule of hearsay was proven which would allow their admission. Pa.R.E. 801(c). A statement which is

¶ 7 Appellant's third argument raises questions regarding the weight and sufficiency of the evidence presented at trial. In his Statement of the Matters Complained of on Appeal, Appellant initially contended in paragraph three that the "evidence" and the "weight of the evidence" were insufficient to sustain a verdict. At the conclusion of that same paragraph, though, Appellant stated "the evidence and the weight of the evidence were insufficient to sustain the jury's verdict of third degree murder." However, in his brief, Appellant presented argument to support only a sufficiency of the evidence claim. As Appellant has not developed a weight of the evidence claim in his brief, he has abandoned the same. *See Commonwealth v. Price*, 876 A.2d 988, 996 (Pa.Super.2005) (holding an issue identified on appeal but not properly developed in an appellate brief is waived). Also, while he makes the broad statement in his brief that the evidence presented at trial was insufficient to sustain a verdict, we will consider only the sufficiency arguments pertaining to the third degree murder conviction which he specifically mentioned in his Pa.R.A.P.1925(b) statement because where a trial court directs a defendant to file a concise statement of matters complained of on appeal, any issues not raised in that statement shall be waived. *Commonwealth v. Lord*, 553 Pa. 415, 419, 719 A.2d 306, 308 (1998).

¶ 8 Our review of a claim challenging the sufficiency of the evidence is well settled:

In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. We may not weigh the evidence and substitute our judgment for the fact-finder. To sustain a conviction, however, the facts and circumstances which the Commonwealth must prove must be such that every essential element of the crime is established beyond a reasonable doubt.

*Commonwealth v. Cain*, 906 A.2d 1242, 1244 (Pa.Super.2006), *appeal denied*, 591 Pa. 670, 916 A.2d 1101 (2007) (citations omitted). *See also Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa.Super.2008) (citations omitted). Lastly, the finder of fact may believe all, some or none of a witness's testimony. *Id.*

¶ 9 Herein, Appellant was convicted of Third–Degree Murder and raised a self-defense claim. Third Degree Murder is a felony of the first degree and is any murder other than one committed in the first or second degree. 18 Pa.C.S.A. § 2502(c). To prove one committed third degree murder, the Commonwealth need not show he acted with the specific intent to kill another but merely that he acted with malice aforethought or wanton and

---

inconsistent with in court testimony is admissible at trial only where: the declarant is available at trial to be cross-examined, the prior statement was given either under oath or at another proceeding, or where the statement is contained in a writing signed and adopted by the declarant. Pa.R.E. 803(1). Any statements Ms. Cottrell might have made during a phone call with Mr. Shaffer were not provided under oath or pursuant to any court proceeding. N.T., 8/23/05, at 211. More-over, Ms. Cottrell never signed or adopted any statement she might have provided to Mr. Shaffer and, in essence, stated she considered the call a casual conversation because she did not believe she could answer questions regarding the murder over the phone. *Id.* Indeed, Mr. Shaffer never met Ms. Cottrell in person, and the Commonwealth questioned whether she, in fact, had been the woman with whom Mr. Shaffer spoke on the telephone. N.T., 8/24/05, at 150.

reckless conduct that manifests extreme indifference to the value of human life. *Commonwealth v. Santos,* 583 Pa. 96, 102, 876 A.2d 360, 363–364 (2005).

> The use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. *See* 18 Pa.C.S. § 505(a). When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense.

*Commonwealth v. Emler,* 903 A.2d 1273, 1279 (Pa.Super.2006).

¶ 10 In support of his claim he acted in self-defense, Appellant contends the evidence presented at trial "clearly supported that [ ] Appellant was acting in self-defense when the gun was fired." *See* Brief for Appellant at 15. Appellant argues that the only witness the Commonwealth produced was Ms. Cottrell, "who was a drug addict and who was high at the time of the incident," and who "admitted at one point in her testimony that she saw the two men rush at each other but she was not sure if she saw the decedent reach for a gun or any other object." *Id.* at 16. To the contrary, the latter statement contradicts Appellant's claim, as Ms. Cottrell's uncertainty concerning whether Mr. Alston had a gun does not "clearly support" the contention Appellant was acting in self defense. In fact, Ms. Cottrell testified Appellant initiated the altercation with Mr. Alston when he heard Mr. Alston's statement to her. N.T., 8/23/04, at 186; Trial Court Opinion filed July 19, 2007 at 8–9. Ms. Cottrell testified Appellant was angry, and she urged Mr. Alston to retreat. N.T., 8/23/04, at 188, 194. Following a short, verbal altercation between the men, Ms. Cottrell heard five shots fired in rapid succession while her back was to Appellant and she was observing Mr. Alston dive for cover between cars in the street. When she turned, she saw a gun in Appellant's hand. N.T., 8/23/05, at 190–192. Ms. Cottrell stated she never heard Mr. Alston threaten Appellant. N.T., 8/23/05, at 193. Ms. Cottrell testified that as the two drove away, she was very upset and asked Appellant if he realized he had just shot someone. Appellant responded to Ms. Cottrell's query by stating "F—— that n————." N.T., 8/23/05, at 98.

¶ 11 Furthermore, Appellant fails to acknowledge that Mr. Williams also testified for the Commonwealth that he witnessed the shooting and never observed Mr. Alston grasping a gun. N.T., 8/24/05, at 53, 82. In addition, Mr. Williams stated he heard several, consecutive gunshots being fired by Appellant during which time Mr. Alston was running away from Appellant. N.T., 8/24/05, at 80–81. Also, Appellant himself testified there was nothing preventing him from backing up, opening his car door and getting inside prior to the shooting. N.T., 8/25/05, at 113. In addition, a gun was not recovered on Mr. Alston's person or near his body. N.T., 8/23/05, at 138; Trial Court Opinion filed July 19, 2007 at 11.

¶ 12 It is well-established that questions of credibility are to be determined by the fact-finder at trial. *See Holley, supra.* "Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a jury is not required to believe the testimony of the defendant who raises the claim." *Commonwealth v. Carbone,* 524 Pa. 551, 562, 574 A.2d 584, 589 (1990) (citation omitted). As the trial

court notes in its Opinion, and the record reflects, Appellant's allegations he acted in selfdefense were called into question during the trial. Trial Court Opinion filed July 19, 2007 at 11. As such, Appellant's assertion the evidence was insufficient to sustain his convictions is without merit.

¶ 13 Appellant next argues the trial court erred in failing to provide what he terms an "addict charge" with regard to the testimony of Commonwealth witness Juanita Cottrell. However, our review of the record reveals Appellant never asked that an instruction with regard to Ms. Cottrell's drug-use history be provided to the jury, nor did he object to the trial court's charge, and, indeed, Appellant has not directed our attention to a place in the record where such a request or objection had been made. As such Appellant has waived this claim as well. See Pa.R.A.P. 302(b) ("[a] general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of"); See also, Pa.R.Crim.P. 647 ("[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate"). Commonwealth v. Pressley, 584 Pa. 624, 887 A.2d 220 (Pa.2005) (to preserve an issue as to a portion of a jury charge, a party must make a specific objection before the jury retires to deliberate). Commonwealth v. Edmondson, 553 Pa. 160, 163–165, 718 A.2d 751, 752–753 (1998) (counsel's failure to raise a timely objection to the trial court's jury charge waives such claim on appeal as the absence of a timely objection deprives the court of an opportunity to correct any alleged error even where the issue is raised in a post trial motion and in a statement of matters complained of on appeal and the trial court addressed the issue); McManamon v. Washko, 906 A.2d 1259, 1283 (Pa.Super.2006) (finding that where the appellants failed to direct this Court's attention to the appropriate place in the record where they objected to the trial court's jury instructions and where our review of the record did not indicate the appellants objected when the trial court gave the instructions, the appellants waived their challenge to the same).[5]

¶ 14 Appellant next claims the trial court abused its discretion in sentencing Appellant beyond the aggravated guideline range and in denying Appellant's Motion for Reconsideration. This challenge constitutes a challenge to the discretionary aspects of sentencing, and the right to appeal such an aspect of sentencing is not absolute and is waived if the appellant does not challenge it in post-sentence motions or by raising the claim during sentencing proceedings. Commonwealth v. Mann, 820 A.2d 788 (Pa.Super.2003); See also Commonwealth v. Lloyd, 878 A.2d 867 (Pa.Super.2005). To reach the merits of a discretionary sentencing issue, this Court will conduct a four-part analysis to determine:

(1) whether Appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sen-

---

5. Even were this issue properly preserved, in its Opinion, the trial court noted that no specific "addict charge" exists, and it specifically charged the jury to consider each witness's credibility based upon factors such as his or her personal interest in the outcome of the case, his or her ability to observe the incident and, whether any factor may have affected his or her perception of the incident, and the witness's behavior and consistency while testifying. Trial Court Opinion, filed July 19, 2007, at 10; N.T., 8/25/05, at 215–222.

tence appealed from is not appropriate under the sentencing code.

*Commonwealth v. Bromley,* 862 A.2d 598, 603 (Pa.Super.2004) (citations omitted).

¶ 15 Herein, Appellant filed a Motion for Reconsideration of Sentence which the trial court denied on November 4, 2005. In that motion, Appellant contends "[t]he sentence imposed by the [c]ourt at the upper portions of the Guideline Range was unduly harsh given the nature and circumstances of the case," and "is inconsistent with the sentencing act which provides for the balancing of the welfare of the community with the rehabilitative needs of [Appellant]." *See* Motion for Reconsideration of Sentence ¶¶ 3–4. "However, Appellant failed to raise the specific claim regarding the sentencing court's alleged failure to state the reasons for his sentence on the record. In addition, Appellant did not raise this specific reason during the sentencing hearing. As such, Appellant did not give the sentencing judge an opportunity to reconsider or modify [her] sentence on this basis, and, therefore, the claim is waived." *Mann, supra,* at 794.[6]

---

6. Even had Appellant properly raised his challenge to his sentence in the lower court, his brief contains a fatal defect that prevents us from reaching the merits of his challenge to his sentence.

Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.

*Bromley, supra,* 862 A.2d at 604.

Appellant contends "[t]he trial court erred in enhancing the sentence of the Appellant and in sentencing him above the aggravated range without providing adequate reasons on the record for enhancing the sentence." Brief for Appellant at 18. Discretionary sentencing challenges which present a claim that a sentencing court failed to state adequate reasons on record for a sentence imposed fall within the scope of appellate review. *Commonwealth v. Whitmore,* 860 A.2d 1032 (Pa.Super.2004). However, in considering whether Appellant presented a substantial question that the sentence appealed from is not appropriate under the sentencing code, we note Appellant was obligated to file a separate, concise statement indicating why a substantial question exists that the sentence involved was not appropriate. *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); Pa.R.A.P. 2219(f). A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Martin,* 727 A.2d 1136, 1143 (Pa.Super.1999). At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates and the manner in which it violates that norm. *Commonwealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 628 (2002); *Commonwealth v. Goggins,* 748 A.2d 721, 727 (Pa.Super.2000).

Herein, Appellant's Rule 2119(f) statement does not satisfy the aforementioned minimal requirements. Appellant contends his "sentence of 360 months imposed by the trial court at the upper portions of the guideline range was unduly harsh given the nature and the circumstances of the case" and "[t]he sentence is inconsistent with the Sentencing Act which provides for the balancing of the welfare of the community with the rehabilitative needs of the Appellant." Brief for Appellant at 19. Appellant does not indicate a specific statutory provision which has been violated in his statement. In addition, Appellant wrongfully indicates he was sentenced to "seven and a half years['] incarceration for the conviction of PWID and a consecutive four to eight years on the gun case." Brief for Appellant at 8. Appellant was neither charged with nor convicted of Possession with Intent to Deliver, and his reference to "the gun case" could involve either his violation of the Uniform Firearms Act or his Possession of an Instrument of Crime conviction. As the Commonwealth has objected to the discretionary review of Appellant's sentencing claim, this Court would not reach the merits

¶ 16 Appellant finally asserts the trial court erred in failing to grant the Appellant's Motion in Limine concerning the exclusion of the Appellant's prior criminal record for robbery.

Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

*Commonwealth v. Drumheller,* 570 Pa. 117, 135, 808 A.2d 893, 904 (2002) (quotation marks and citation omitted).

It is axiomatic that evidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes. This rule is not without exception, however. Evidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character. It is well-established that reference to prior criminal activity of the accused may be introduced where relevant to some purpose other than demonstrating defendant's general criminal propensity. Thus, evidence of other crimes may be introduced to show

(1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan; and (5) identity.

*Commonwealth v. Melendez–Rodriguez,* 856 A.2d 1278, 1283 (Pa.Super.2004) (internal citations omitted). This evidence may be admitted, however, "only upon a

on this basis as well. *See Commonwealth v.*

showing that the probative value of the evidence outweighs its potential for prejudice." Pa.R.E. 404(b)(3).

*Commonwealth v. Grzegorzewski,* 945 A.2d 237 (Pa.Super.2008).

¶ 17 The trial court opined that:

Rule 609 of the Pennsylvania Rules of Evidence provides that evidence that a witness has been convicted of a crime of dishonesty or false statement (*crimen falsi*) is admissible if less than ten (10) years have elapsed since the date of conviction or date of the release of the witness from confinement, whichever is later. *Pa.R.E. 609.* This rule, along with Rule 403 of Evidence, allows the trial court to determine whether the prejudicial effect of the evidence outweighs its probative value. *Pa.R.E. 403.* If the prejudicial effect of such evidence does outweigh its probative value, that evidence may be excluded by the trial court acting in its discretion. *Id.*

Statutory and common law provide that where a criminal defendant testifies under oath as a defense witness, the defendant is not to be asked any questions regarding past convictions or tending to show bad character or reputation unless his own character or reputation has been put into question by the defense, either by examining other witnesses or the defendant's own testimony. 42 Pa.C.S. § 5918. The Pennsylvania Supreme Court clarified exactly how evidence of prior convictions can be admitted in *Commonwealth v. Garcia,* 551 Pa. 616, 712 A.2d 746, 748 (1998). In *Garcia,* the [C]ourt held that while *crimen falsi* convictions are automatically admissible if the confinement for the conviction ended within the last ten years, the proof of such convictions can only be introduced during rebuttal, un-

*Davis,* 734 A.2d 879 (Pa.Super.1999).

less the defendant puts his good character in issue.

The trial court properly denied appellant's motion to exclude evidence of his prior crimes. While [A]ppellant was convicted of multiple infractions within the last ten years, in the SMCA[7] he specifically challenges the admission of his robbery conviction. *See generally,* (N.T. 08/23/05, pgs.15–40). Robbery is a *crimen falsi* offense *Commonwealth v. May,* 587 Pa. 184, 898 A.2d 559, 569 (2006). As the Pennsylvania Supreme Court held in *Garcia* that evidence of *crimen falsi* convictions are *per se* admissible where the confinement incident to such conviction expired within the last ten years, the trial court had no discretion to exclude the evidence of the robbery. *See, Garcia, supra: see also,* (N.T., 08/23/05, pg.32). [A]ppellant was released from confinement for this particular robbery July 16, 1996, which was within ten years of the date of the [trial], August 23, 2005. (N.T. 08/23/05, pg.20). As the robbery fell within ten years of the instant proceeding, the question for the trial court was not whether the evidence was admissible, but merely how it could be introduced into evidence. Following the Pennsylvania Supreme Court's mandate, the trial court ruled that the Commonwealth could introduce the convictions on rebuttal, if the defendant testified, and if by his own testimony he put into question his good character and reputation. (N.T. 08/24/05, pg.153). As this ruling was consistent with the law, [A]ppellant's assertion that the ruling was an error should be dismissed.

Trial Court Opinion filed July 19, 2007 at 3–5.

---

7. This is a reference to the Statement of Matters Complained of on Appeal.

¶ 18 We agree with the distinguished trial judge, Renee Cardwell Hughes, that the evidence of Appellant's prior robbery conviction was admissible under the ten year rule, as Appellant brought into question his good character and reputation during his testimony.[8] As such, this claim is without merit.

¶ 19 Judgment of sentence affirmed.

---

8. Counsel for Appellant agreed with the trial court's analysis at trial. N.T., 8/24/05, at 153–154.