J-S49011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM S. SMITH, | |
| Appellant | No. 2143 MDA 2014 |

Appeal from the Judgment of Sentence Entered November 25, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000779-2014

BEFORE:  BENDER, P.J.E., ALLEN, J., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 18, 2015**

Appellant, William S. Smith, appeals from the judgment of sentence entered November 25, 2014, following his conviction of driving under the influence, general impairment (.08-.10%) (DUI)[1] and driving while operating privilege is under suspension with a blood alcohol content (BAC) equal to or greater than .02% (DUS).[2]  Appellant now challenges whether the *corpus delicti* of either offense was established absent his inculpatory statement and whether there was sufficient evidence of DUI.  After careful review, we affirm the judgement of sentence.

_____

[1] 75 Pa.C.S. § 3802(a)(2).

[2] 75 Pa.C.S. § 1543(b)(1.1)(i).

The trial court summarized the facts and procedural history of this case as follows:

[Appellant] was working at the Holly Inn in Mt. Holly Springs, Pennsylvania late on July 4, 2013, [until] early July 5, 2013. After finishing his work shift, [Appellant] availed himself of a free beer offered by the Holly Inn. The bartender and owner of the Holly Inn stated that only the first drink was free and, further, that [Appellant] bought a can of Labatt Blue brand beer to take home with him. Pamela Baer, [Appellant]'s girlfriend[,] with whom he was living at the time, testified that she followed [Appellant] as he drove his car from the Holly Inn to her home on Louther Street in Carlisle, Pennsylvania sometime between 12:45 A.M. and 1:00 A.M. on July 5, 2013. Following an argument, Ms. Baer stated that she locked the front door with [Appellant] still outside. [Appellant] then proceeded to break the door down, prompting Ms. Baer to call the police. At 1:09 A.M. on July 5, 2013, police responded by originally heading to Ms. Baer's residence on Louther Street. Police dispatch informed the responding officers that [Appellant] had left the residence and was located on a nearby bench on the grounds of Dickinson College. Officer Darhower arrived at the scene and recognized [Appellant] and his vehicle from a prior encounter. When Officer Darhower approached [Appellant], he immediately detected the smell of alcohol. Additionally, [Appellant] had trouble maintaining his balance and was argumentative and uncooperative. After restraining [Appellant] and confirming that the green Toyota nearby was [Appellant]'s vehicle, Officer Darhower inspected the car and discovered that the hood and tailpipe were hot to the touch and there were empty beer containers in plain view of the interior of the vehicle. Specifically, a can [of] Labatt Blue brand beer was visible on the floor of the car. Officer Darhower placed [Appellant] under arrest for driving under the influence. Subsequent to the arrest, Officer Darhower found a set of keys on [Appellant] which unlocked the green Toyota, confirming that the car belonged to [him]. Upon taking [Appellant] to the Booking Center at the Cumberland County Prison, [Appellant] consented to a blood draw after having been read the PennDOT DL-26 form. The blood draw occurred at 1:54 A.M. The results of the blood draw indicated that [Appellant] had a blood alcohol concentration of 0.085 percent. Officer Darhower also obtained [Appellant]'s

- 2 -

certified driving record which indicated that on July 5, 2013, the status of [Appellant]'s license was "suspended." At the Booking Center, [Appellant] told Officer Darhower and booking agents that his boss, Pancho Acorda, drove him home from work. However, Mr. Acorda testified that he did not drive [Appellant] home [on] July 5, 2013, and this was confirmed when [Appellant] responded to a question from the [c]ourt that [Apppellant] drove himself home[.]

Trial Court Opinion, 1/27/2015, at 1-3.

Based on this evidence, Appellant was convicted of the above stated offenses. By order dated November 25, 2014, Appellant was sentenced to an aggregate term of 95 days' to 6 months' incarceration and an aggregate fine of $1,300. Appellant was also ordered to pay the costs of prosecution, and to complete and comply with the recommendations of a drug and alcohol evaluation. This timely appeal follows.

Requesting that we reverse the trial court verdicts, Appellant presents two issues for review:

> I. Whether the corpus of the operation of a vehicle was established to support the trial court's DUI and DUS verdicts independent of Appellant's courtroom admissions.
>
> II. Assuming proof of operation, did the evidence support the trial court's DUI verdict[,] that Appellant's BAC was between .08-.10% within two hours of operation.

Appellant's Brief at 6.

Immediately, we note that Appellant's initial issue is waived for failure to preserve it below. Pa.R.A.P. 302(a) provides that, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Appellant argues that the Commonwealth was required to establish that he drove or operated a vehicle before his testimony, admitting the fact,

- 3 -

could be considered by the fact-finder; however, no objection was raised contemporaneous to the testimony at issue. N.T., 9/19/2014, at 75. This claim, therefore, is waived.

Regardless of waiver, Appellant's argument is, fundamentally, a misapplication of the rule. "The *corpus delicti* rule requires that before introducing an extra-judicial admission, the Commonwealth must establish by independent evidence that a crime has in fact been committed. The purpose of the rule is to prevent the admission of a confession where no crime has been committed." **Commonwealth v. Fears**, 86 A.3d 795, 808 n.17 (Pa. 2014) (internal quotations and citations omitted). However, the rule does not apply to in-court admissions. **Commonwealth v. Appel**, 689 A.2d 891, 909 (Pa. 1997), *abrogated on other grounds by* **Fears**. Appellant does not argue that an extra-judicial admission was improperly admitted, but that his inculpatory in-court statement should not have been considered; thus the *corpus delicti* rule is not implicated. Therefore, Appellant's claim is without merit.

Appellant's second issue avers that there was insufficient evidence to support the trial court's verdict. Appellant contends that the Commonwealth proved neither the timeliness of the blood draw nor the exception to the *corpus delicti* rule.

Our standard of review is well established.

> When considering a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together

with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. We may not weigh the evidence and substitute our judgment for the fact-finder. To sustain a conviction, however, the facts and circumstances which the Commonwealth must prove must be such that every essential element of the crime is established beyond a reasonable doubt.

*Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (citations omitted).

The Commonwealth was required to show that Appellant drove, operated, or was in actual physical control of the vehicle within two hours of having imbibed enough alcohol such that his BAC was at least .08% but less than .10%. 75 Pa.C.S. § 3802(a)(2). Appellant argues that the Commonwealth failed to establish what time he operated the vehicle; therefore, an exception to the two-hour requirement had to be shown. Section 3802(g)(2) is one such exception to the two-hour requirement. It provides that, "evidence of [BAC taken] more than two hours after the individual has driven … is sufficient to establish that element of the offense … where the Commonwealth establishes that the individual did not imbibe any alcohol … between the time the individual was arrested and the time the sample was obtained." 75 Pa.C.S. § 3802(g)(2) Contrary to Appellant's claim, the trier of fact could have found that the Commonwealth proved every element of the offense beyond a reasonable doubt based on the testimony provided at trial without reliance on the exception.

The Commonwealth's first witness, Ms. Baer, testified that she followed Appellant as he drove to her home and that an argument ensued upon arrival. N.T. at 7-8. Approximately ten to fifteen minutes thereafter, Ms. Baer called the police. *Id*. at 8-9. The police arrived two minutes later. *Id*. at 10. The police testified that they were dispatched at 1:09 a.m. in response to Ms. Baer's phone call. *Id*. at 18. Pursuant to being arrested for DUI, Appellant's blood was drawn at 1:54 a.m. evincing a BAC of .085%. *Id*. at 35.

Our review reveals that the trial court's verdict is supported by the record. The Commonwealth established that Appellant's blood was drawn within two hours of having been in control of the vehicle. Further, Appellant's BAC of .085% is within the .08-.10% range, fully satisfying the elements of the offense. As we conclude that the evidence sufficiently establishes that Appellant's blood was drawn within the two-hour window, the Commonwealth did not have to rely on the exception. Thus, considered in the light most favorable to the verdict winner, the Commonwealth presented sufficient evidence to sustain the verdict.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015