J. S16034/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                         :          PENNSYLVANIA
                   Appellee      :
                                         :
              v.                    :
                                       :
COLLEEN CLARK,                 :
                                       :
                 Appellant     :      No. 1092 EDA 2015

Appeal from the Judgment of Sentence April 9, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003055-2013

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:               **FILED APRIL 13, 2016**

Appellant, Colleen Clark, appeals from judgment of sentence entered in the Court of Common Pleas of Montgomery County following her third conviction for Driving Under the Influence (DUI)[1] and related offenses. After careful review, we find that Appellant did not properly preserve the issues raised on appeal and, has, therefore waived appellate review. Accordingly, we affirm.

The trial court set forth the factual and procedural history of this case as follows:

> On February 16, 2013, Appellant was arrested for [DUI] in Lower Moreland Township, Montgomery County. On April 25, 2014, Appellant entered an open guilty plea to a second offense DUI charge. A sentencing hearing was scheduled for August 7, 2014.

---

[1] 75 Pa.C.S. § 3802(c).

Prior to the sentencing hearing, Appellant left the Commonwealth of Pennsylvania to accept an employment opportunity in Florida. Appellant failed to appear for her scheduled sentencing hearing and a bench warrant was issued for her arrest. After Appellant was arrested and extradited to Pennsylvania, a new sentencing hearing was held on January 12, 2015. On that date, the Commonwealth informed the [trial] court that it had miscalculated the number of Appellant's previous DUI convictions. The present charge, as it turned out, was Appellant's third offense in the last ten years. In light of this fact, [the trial] court sua sponte withdrew Appellant's open guilty plea and vacated the disposition from April 24, 2014. On February 10, 2015, a bench trial was held where Appellant was found guilty of two counts of DUI and one count of Driving with a Suspended License-DUI Related. On April 9, 2015, [the trial] court sentenced Appellant to serve fifteen months to five years of incarceration.

Trial Ct. Op., filed 7/8/15, at 1-2 (some capitalization omitted).

On April 17, 2015, Appellant filed a timely Notice of Appeal and on April 27, 2015, the trial court ordered her to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. On May 15, 2015, Appellant filed a "Preliminary Concise Statement of Matters Complained of Pursuant to P[a].R.A.P. 1925" and raised one issue. The Appellant challenged the trial court's **authority** to reject her guilty plea:

Whether the trial court can sua sponte reject [A]ppellant's guilty plea, after accepting the plea, closing the plea proceedings, scheduling the matter for sentencing, ordered a PSI and PPI, and the [Appellant] relying on the representations to her detriment, merely because the Commonwealth claims it made a mistake in tabulating the number of DUI's defendant had sustained.

1925(b) Statement at 1. Appellant did not challenge the trial court's reasoning or **discretion** to reject her guilty plea.[2]

Subsequently, in her brief, Appellant concedes that the trial court had the **authority** to reject her guilty plea, and for the first time, challenges the trial court's reasons or **discretion** in doing so. In particular, Appellant frames her argument in this manner in her brief:

> Whether a trial court abuses discretion and/or acts ultra vires when it allegedly acts sua sponte to reject a guilty plea merely because the Commonwealth asserts months after the plea hearing a failure in having detected in its discovery that the said [Appellant] had incurred her third DUI instead of only her second, after colloquying the [Appellant], accepting the plea, closing the plea proceedings, scheduling the matter for sentencing, ordering a PSI and a PPI, and the [Appellant] relying on such representations to her detriment?

Appellant's Brief at 8 (capitalization omitted).

The trial court noted that the Appellant only challenged the trial court's **authority**, and not its **discretion**, to reject a guilty plea in her 1925(b) Statement, so the trial court in its 1925(a) Opinion only addressed whether it had the **authority** to reject the guilty plea. The trial court specifically found: "Appellant does not challenge whether [the trial court] abused its **discretion** by withdrawing her plea, thus the reason for doing so will not be discussed." Trial Ct. Op., filed 7/8/15, at 2 n.1 (emphasis added).

---

[2] On March 25, 2015, the trial court granted Appellant an additional thirty days to supplement the 1925(b) Statement. Appellant failed to do so.

It is well settled that issues not raised in a 1925(b) Statement are waived for purposes of appellate review. Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. Super. 2011). Likewise, issues raised in a 1925(b) Statement, but not raised and developed in Appellant's Brief are deemed waived. ***Commonwealth v. Bullock***, 948 A.2d 818, 823 (Pa. Super. 2008).

The concepts of a trial court's **authority** and **discretion** are two separate and distinct issues that must be separately raised and briefed in order to preserve the issues for appeal. The Appellant raised the issue of the trial court's **authority** to reject the guilty plea in her 1925(b) Statement, but failed to address the issue in her brief. Therefore, the Appellant waived her right to challenge the trial court's authority to reject the guilty plea.

Similarly, the Appellant, in her 1925(b) Statement, failed to raise the issue of the trial court's **discretion** in rejecting her guilty plea and thus waived the issue on appeal. The Appellant cannot resurrect a challenge to the trial court's discretion by raising the issue for the first time in her brief. Therefore, Appellant has waived appellate review of the issues of whether the trial court had the discretion or authority to reject her guilty plea.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016