J-S81009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SAMUEL HENRY FUNK, JR. | |
| Appellant | No. 843 EDA 2016 |

Appeal from the PCRA Order February 24, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003668-2007

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 21, 2016**

Samuel Henry Funk, Jr. appeals from the February 24, 2016 order denying his PCRA petition. We affirm.

The relevant factual and procedural history is as follows. Following a dispute on February 10, 2007, Appellant beat and stabbed Jaqueline Goulding in her apartment in Falls Township, Bucks County. The victim – who suffered injuries to her head and face, numerous defensive injuries, and several puncture wounds – perished from the attack. Appellant removed items from the home and left the scene in the victim's vehicle. The next day, an officer located the vehicle parked at the Edgley Inn. Appellant was apprehended returning to the car shortly thereafter.

* Former Justice specially assigned to the Superior Court.

Upon his arrest, Appellant relayed information regarding the circumstances surrounding the victim's death to Fall Township police officers. As his initial interview with detectives commenced, Appellant offered further inculpatory statements. The detectives informed Appellant of his **Miranda**[1] rights. He then signed a form acknowledging his understanding of those rights and indicating his desire to speak with the detectives without a lawyer present. Appellant proceeded to offer the officers varying versions of the events leading to the victim's death.

Based on the foregoing, Appellant was charged with murder in the first degree, possession of an instrument of crime, two counts of theft by unlawful taking, and two counts of receiving stolen property. Following a jury trial, Appellant was convicted on all counts. The court imposed a sentence of life imprisonment without parole for murder in the first degree, and an aggregate sentence of sixteen and one-half to thirty-three years incarceration to run consecutively.[2]

Appellant filed a timely post-trial motion, alleging, *inter alia*, ineffective assistance of counsel. A hearing was held on May 19, 2008, and, the motion was subsequently denied by operation of law. The court thereafter

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] During the hearing on Appellant's post-trial motion, the court vacated the sentence on one count of receiving stolen property, and resentenced him to no further penalty.

permitted Appellant to file an appeal from his judgment of sentence *nunc pro tunc*. Appellant challenged certain evidentiary rulings by the trial court and, again, contended he received ineffective assistance of counsel. This Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Funk***, 29 A.3d 28 (Pa.Super. 2011) (*en banc*). We also found that Appellant's ineffectiveness claims could not be considered on direct review, and dismissed those claims without prejudice to be raised in a timely PCRA petition. ***Id***. at 34-35. On March 13, 2012, the Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Funk***, 40 A.3d 1234 (Pa. 2012).

Appellant filed a timely *pro se* PCRA petition. The court appointed counsel, and counsel filed a motion to amend Appellant's PCRA petition asserting he was denied effective assistance of counsel when trial counsel prevented him from testifying at trial and by failing to move to suppress the post-arrest statements made by Appellant. A hearing was held on the petition on May 29, 2014, in which the Commonwealth incorporated the testimony presented during Appellant's post-sentence hearing on May 19, 2008. By agreement with the court, Appellant filed a second amended PCRA petition to clarify the arguments raised during the May 29, 2014 hearing, and the court entertained memoranda from the parties. The court denied Appellant's PCRA petition, and this timely appeal followed. Appellant complied with the court's order to file a Rule 1925(b) concise statement of

matters complained of on appeal. The court then authored its Rule 1925(a) opinion. This matter is now ready for our review.

Appellant presents two questions for our consideration:

1. Did trial counsel provide ineffective assistance of counsel where trial counsel denied [Appellant] his right to testify and failed to prepare him to testify because she misapprehended the nature of the defense?

2. Did [Appellant] receive ineffective assistance of counsel when counsel failed to move to suppress his statements following his arrest?

Appellant's brief at 3.

Our standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free from legal error. *Commonwealth v. Wah*, 42 A.3d 335, 335 (Pa.Super. 2012). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. Moreover, "a PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on the reviewing court." *Commonwealth v. Williams*, 141 A.3d 440, 452 (Pa. 2016) (citation omitted). We review the PCRA court's legal conclusions *de novo*. *Id*.

As each of Appellant's claimed errors allege he received ineffective assistance of counsel, we conduct our analysis in light of the following standards:

Success on a claim of ineffective assistance of counsel requires the petitioner to rebut the presumption that counsel rendered effective assistance and prove, by a preponderance of the evidence, that (1) the claim has arguable merit, (2) counsel's action or inaction was not based upon a reasonable trial strategy and (3) petitioner suffered prejudice because of counsel's act or omission.

*Id*. at 454. Furthermore, "the failure to satisfy any one of the prongs requires rejection of the petitioner's claims." *Id*.

Appellant first asserts that trial counsel interfered with his right to testify by convincing him not to testify prior to trial, and ignoring an attempt to invoke that right during trial.[3] In order to prevail on a claim alleging counsel ineffectiveness for counsel's interference with a defendant's right to testify, the defendant must prove either that "counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Commonwealth v. Miller*, 987 A.3d 638, 660 (Pa. 2009) (citation omitted).

Appellant claims that counsel advised him prior to trial not to take the stand since his testimony would "necessarily defeat his 'self-defense' claim." Appellant's brief at 30. Appellant maintains that his testimony supported the argument that the victim's death was accidental, and that such testimony

---

[3] Appellant did not present any argument in support of his contention that counsel failed to properly prepare him to testify. Hence, we find this aspect of his appeal waived. *Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa.Super. 2008) (finding claim raised in Rule 1925(b) statement but not developed in appellate brief abandoned by appellant).

would support a self-defense claim.  *Id*. at 31.  Hence, he concludes that counsel's advice was so unreasonable that it directly interfered with his right to testify.  In addition, Appellant contends that counsel ignored his attempt to invoke his right to testify during trial.  Appellant suggests that he penned a note during trial which stated, "I still have the right to take the stand if I wish to."  Appellant's brief at 29.  Appellant argues that counsel interfered with his right to testify by ignoring the note.

The PCRA court credited testimony by counsel and co-counsel, and did not credit Appellant's contrary assertions.  The court noted that counsel advised Appellant regarding both self-defense and heat-of-passion defenses.  She testified that she had prepared opening statements arguing both theories and did not settle on presenting her heat-of-passion defense until Appellant agreed to that theory.  Counsel further advised Appellant that his self-defense testimony would be inconsistent with a heat-of-passion defense, and thus, warned him against testifying.  Indeed, Appellant concedes he agreed not to testify prior to trial.  Appellant's brief at 29.  The trial court also credited counsel's testimony that, although she did not recall Appellant's handwritten note, if he had insisted on testifying, she would have called him to the stand.  Based on this evidence, the court found Appellant's claim was without merit as the evidence supported the conclusion that Appellant agreed to pursue a heat-of-passion defense and that he would not testify.

We must accept the PCRA court's credibility determinations when they are supported by the record. Counsel advised Appellant as to the dangers of his self-defense theory given the nature of the evidence against him. In addition, counsel reported that Appellant performed poorly during preparation for testifying at trial, providing inconsistent statements and failing to project sympathy for the victim. Hence, counsel concluded that a heat-of-passion defense was the best trial strategy. Prior to trial, Appellant agreed to pursue a heat-of-passion defense and declined to testify.

Furthermore, Appellant's note to counsel during trial does not invoke his right to testify. Rather, his statement "I still have a right to take the stand if I wish to" suggests either that he wanted to confirm he had a right to testify at some point in the future, or that he was aware he had a right to testify, but had not yet decided to do so. In either case, Appellant's note does not reflect a clear assertion of his right to testify. Thus, counsel did not interfere with Appellant's right to testify, nor did she provide unreasonable advice in regards to his decision not to testify. **Miller**, **supra**. Since Appellant has not presented an issue of arguable merit, nor has he shown that counsel's course of conduct was without a reasonable trial strategy, his challenge fails.

Appellant next assails counsel's effectiveness in failing to move to suppress inculpatory statements made to police following his arrest. He alleges that he twice requested an attorney, once prior to the police

providing him with his *Miranda* rights, and once afterwards. Nevertheless, Appellant offered incriminating statements to the police, and responded to questions regarding the victim's murder. Additionally, Appellant contends that, although he signed a form waiving his right to an attorney, that he did not have the opportunity to fully review or understand the document.

The PCRA court credited counsel and co-counsel's testimony in this regard and found Appellant's testimony to the contrary wholly incredible. Counsel and co-counsel testified that they were unaware of Appellant's purported request for an attorney until the hearing on his post-sentence motion in May, 2008. Nevertheless, both lawyers confirmed that they would have raised the issue had Appellant informed them of his attempts to invoke his right to counsel. The court also reviewed the testimony of the detectives who interrogated Appellant and noted that each stated that Appellant never requested an attorney. It observed that the *Miranda* card, wherein Appellant waived his right to an attorney, corroborated their account.

Finally, we observe the following. Appellant filed a pre-trial omnibus motion which included a motion to suppress the statements he made to the detectives. In that motion, Appellant alleged that his waiver of his *Miranda* rights was not knowing, intelligent, and voluntary due to injuries suffered at that time, and his level of intoxication. Pretrial Omnibus Motion, 8/13/07, at ¶¶ 19-30. That motion did not assert his alleged request for counsel as a basis for suppression. Appellant then filed two amended omnibus pretrial

motions on October 5, 2007, and December 14, 2007. Again, Appellant sought suppression of his statements to police without raising a violation of his right to counsel. Appellant's counsel and co-counsel credibly testified that if they had been aware of any issue pertaining to Appellant's purported invocation of his right to counsel, they would have included it in their motions to suppress. Nevertheless, no such claim was made. The record thus supports the PCRA court's factual finding that Appellant did not ask for a lawyer. Hence, we find this issue without arguable merit and Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016