J-S13033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ALLEN FULLER, SR., | : | |
| | : | |
| Appellant | : | No. 1305 WDA 2017 |

Appeal from the Judgment of Sentence August 30, 2017
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s):  CP-26-CR-0002478-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MAY 30, 2018**

Charles Allen Fuller, Sr. ("Fuller"), appeals from the judgment of sentence entered following his conviction of two counts of failure to comply with registration requirements of Megan's Law.[1]  We affirm.

In its Opinion, the trial court summarized the factual history underlying the instant appeal, which we adopt for the purpose of this appeal.  ***See*** Trial Court Opinion, 10/12/17, at 2.

Following a jury trial, Fuller was convicted of the above-described charge.  The trial court subsequently sentenced Fuller to six to twelve years in prison.  Thereafter, Fuller filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

---

[1] ***See*** 42 Pa.C.S.A. § 4915.1.

Fuller challenges the sufficiency of the evidence underlying his convictions. Brief for Appellant at 7, 10. According to Fuller, "[t]he Commonwealth presented evidence of such a speculative and unreliable nature that there could be no reasonable inferences drawn thereon[,] nor could that evidence, even when viewed in the best possible light, suffice to prove that the alleged acts occurred with proof beyond a reasonable doubt." *Id.* at 13. Fuller argues that, contrary to the testimony of the Commonwealth's witnesses, he had registered an address "through the Commonwealth of Pennsylvania." *Id.* at 14. In support, Fuller states that "the evidence was wholly insufficient to find that [he] established a new residence[,] requiring registration of a new address." *Id.* at 15. Fuller contends that "the jury's verdict of guilty is manifestly sufficient to shock one's sense of justice in that the verdicts were inconsistent requiring an arrest of judgment or grant of a new trial." *Id.* Fuller does not direct this Court to evidence supporting his assertions.

Fuller appears to conflate a challenge to the sufficiency of the evidence with the standard applicable to a claim that the verdict is against the weight of the evidence. In his Concise Statement of matters complained of on appeal, Fuller challenged only the sufficiency of the evidence. *See* Concise Statement, 9/21/17. Accordingly, any challenge to the verdict as against the weight of the evidence is waived. *See Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (stating that where a trial court directs that a concise

statement be filed, any issues not raised in that statement shall be deemed waived).

In its Opinion, the trial court set forth the applicable law, addressed Fuller's challenge to the sufficiency of the evidence, and concluded that Fuller was not entitled to relief. **See** Trial Court Opinion, 10/12/17, at 3-5. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis with regard to Fuller's challenge to the sufficiency of the evidence. ***See id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2018