J-A07029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL STEVEN LACHNEY | : | |
| | : | |
| Appellant | : | No. 1157 EDA 2018 |

Appeal from the Judgment of Sentence February 5, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001829-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                         **FILED JULY 16, 2019**

Appellant, Michael Steven Lachney, appeals from the Judgment of Sentence of two and one-half to five years of incarceration followed by ten years of probation, entered February 5, 2018, following his conviction of two counts of Simple Assault, and one count each of Recklessly Endangering Another Person (REAP), Firearms Not to be Carried Without a License, and Possessing Instruments of Crime.[1]  He challenges the sufficiency and weight of the evidence disproving his justification defense.  We affirm.

We derive the following facts from the trial court's Pa.R.A.P. 1925(a) Opinion, which finds support in the record.  Trial Ct. Op., filed 5/23/18, at 1-5.

---

[1] 18 Pa.C.S. §§ 2701(a)(1),(3), 2705, 6106(a)(1), and 907(b), respectively.

*   Former Justice specially assigned to the Superior Court.

On February 4, 2017, Appellant and his co-defendant, Roger Avila, left their hotel room in Norristown, Montgomery County, looking for a man who had sold them fake narcotics. They approached the victim, Maurice Fields, whom they believed may have been the seller, and Mr. Avila demanded money from him. *Id.* at 1-3.

Mr. Fields did not know Mr. Avila. Fearing he was the target of a robbery, he punched Mr. Avila and tried to flee. Appellant and Mr. Avila began beating the victim, and eyewitness accounts established that Mr. Avila continued beating the victim as he lay on the ground. During this assault, Appellant drew and fired his .40 caliber handgun twice, the second time striking the victim in his foot. *Id.*

The following day, police arrested Appellant. In addition to the charges set forth above, police also charged Appellant with two counts of Aggravated Assault and one count of Prohibited Offensive Weapons.[2]

At his jury trial, Appellant testified on his own behalf. *See* N.T. Trial, 10/11/17, at 81-106. According to Appellant, when Mr. Avila asked the victim for money, the two men began fighting. *Id.* at 94-95. Appellant asserted that he did not point his weapon at the victim and was surprised when, after his second shot, the victim fell to the ground. *Id.* at 95. According to Appellant, he merely fired his weapon in order to break up the fight. *Id.* at 100.

---

[2] 18 Pa.C.S. §§ 2702(a)(1), (4), and 908(a), respectively.

Nevertheless, Appellant acknowledged that he could not see "because it was dark." *Id.* at 95. Appellant further acknowledged on cross-examination that he never saw the victim in possession of a weapon. *Id.* at 104. Finally, Appellant conceded that he did not call 911, attempt physically to break up the fight, or call for help from his co-workers also staying in the hotel. *Id.* at 104-05.[3]

Mr. Avila also testified at trial. According to Mr. Avila, he did not ask Appellant to fire his weapon. *Id.* at 110. Mr. Avila also asserted that Appellant was angry that he had been tricked into buying fake narcotics and, therefore, wanted to find the seller. *Id.* at 112. On cross-examination, Mr. Avila acknowledged that Appellant retrieved his gun from his truck upon seeing the victim. *Id.* at 114. Moreover, Mr. Avila conceded that the victim was fleeing from Mr. Avila when Appellant twice discharged his weapon. *Id.* at 115.

Following its deliberations, the jury acquitted Appellant of Aggravated Assault but convicted him of all other charges. Appellant filed Post-Sentence Motions, which the trial court granted in part, concluding that the evidence did not support a conviction for Prohibited Offensive Weapons. Thereafter, the trial court imposed sentence as set forth above.

---

[3] The Commonwealth introduced a statement given by Appellant to the police upon his arrest. In that statement, Appellant asserted that Mr. Avila told him that the victim "was going to kill [Mr. Avila]," and Appellant, therefore, felt obligated to protect him. *Id.* at 21-22. Appellant did not repeat these assertions during his trial testimony.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b)

Statement. The court issued a responsive Opinion.

Appellant raises the following issues on appeal:

1. Whether the evidence at trial was insufficient as a matter of law to support convictions for REAP, Simple Assault, Possessing an Instrument of Crime[,] and Carrying a Firearm Without a License (F-3), where [the] jury found Appellant [n]ot [g]uilty of Aggravated Assault (F-1) and (F-2), where [the] defense presented was [j]ustification/[d]efense of [o]thers[; and]

2. Whether the verdict was contrary to the weight of the evidence under the facts above, when Simple Assault and [REAP] are lesser-included offenses of Aggravated Assault, Appellant was acquitted of both Aggravated Assault counts, and Possessing an Instrument of Crime requires intent to employ criminally, and Carrying Firearm Without [a] License requires it's [sic] use in a crime to rise to an F-3[.]

Appellant's Br. at 4.

In his first issue, Appellant challenges the sufficiency of the

Commonwealth's evidence to disprove his justification defense. Appellant's

Br. at 9-14. His claim is without merit.

When reviewing a sufficiency of the evidence claim, an appellate court must view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as verdict winner and must determine whether the evidence was such as to enable a fact finder to find that all of the elements of the offense[s] were established beyond a reasonable doubt. Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed. Lastly, the finder of fact may believe all, some or none of a witness's testimony.

*Commonwealth v. Holley*, 945 A.2d 241, 246-47 (Pa. Super. 2008) (citations omitted).

The use of force upon another is justifiable to protect a third person when (1) the actor would be justified to use such force to protect himself, as set forth in 18 Pa.C.S. § 505, (2) under the circumstances, the third person would be justified in using such protective force, and (3) the actor believes that his intervention is necessary to protect the third person. 18 Pa.C.S. §§ 505, 506(a).[4]

It is the Commonwealth's burden to disprove justification beyond a reasonable doubt. *Commonwealth v. Hornberger*, 74 A.3d 279, 283 (Pa. Super. 2013) (citation omitted). As the fact finder, who determines questions of credibility at trial, "a jury is not required to believe the testimony of the defendant who raises the [justification] claim." *Commonwealth v. Bullock*, 948 A.2d 818, 824 (quoting *Commonwealth v. Carbone*, 574 A.2d 584, 589 (Pa. 1990)).[5] Nevertheless, "[t]he Commonwealth cannot sustain its burden of proof solely on the fact finder's disbelief of the defendant's testimony."

---

[4] Section 505 sets the parameters for the use of force in self-protection. It provides that the use of force upon another is justifiable when the actor believes that such force is immediately necessary to protect himself against the use of unlawful force. 18 Pa.C.S. § 505(a). There are numerous limitations on the justifiable use of force. *See* 18 Pa.C.S. § 505(b).

[5] In support of his arguments to this Court, Appellant repeatedly cites to this Court's underlying decision in *Carbone*. *See, e.g.*, Appellant's Br. at 9, 10, 13. We caution Appellant: the Supreme Court reversed our decision therein. *Carbone*, 574 A.2d at 590 (reversing this Court's justification analysis and reinstating the judgment of sentence entered by the trial court). Thus, Appellant's reliance on this Court's analysis is misplaced.

*Commonwealth v. Ward*, 188 A.3d 1301, 1304 (Pa. Super. 2018) (quoting *Commonwealth v. Torres*, 564 Pa. 219, 766 A.2d 342, 345 (2001)).

In this case, the evidence established that Mr. Avila demanded money from the victim, a man he did not know. Then, Appellant and Mr. Avila together beat the victim as he tried to escape. Eyewitness testimony corroborated the victim's version of events, establishing that Mr. Avila continued to beat the victim as he lay on the ground. This evidence tends to prove that Appellant and his co-defendant provoked this incident and, further, that Appellant's discharge of his firearm was unnecessary to protect Mr. Avila from harm. Indeed, Appellant conceded at trial that he could not see whether the victim posed a threat of injury to Mr. Avila. Thus, it was impossible for Appellant to form a reasonable belief whether the use of deadly force was required. Finally, Mr. Avila testified that Appellant twice discharged his weapon **after** the victim was fleeing from his assailants. This evidence, viewed in the light most favorable to the Commonwealth, is sufficient to disprove Appellant's justification defense. *Hornberger*, 74 A.3d at 283; *Holley*, 945 A.2d at 246-47; 18 Pa.C.S. §§ 505, 506(a).[6]

In his second issue, Appellant challenges the weight of the evidence. Appellant's Br. at 14-15. In support of this claim, Appellant reiterates his

---

[6] Appellant suggests that the jury's decision to acquit him of Aggravated Assault indicates that it accepted Appellant's justification defense. We disagree. *See, e.g.*, *Commonwealth v. Moore*, 103 A.3d 1240, 1246 (Pa. 2014) (emphasizing that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence") (citation omitted).

- 6 -

previous contention that the Commonwealth failed to disprove his justification defense—a contention we have rejected. Apart from this, Appellant baldly asserts that his acquittal for Aggravated Assault renders any conviction for lesser crimes "patently unjust." *Id.* at 15. He does not support this assertion with precedent, nor does he otherwise develop a cogent legal argument. Accordingly, we deem this claim waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (Pa. Super. 2007) (stating that it is an appellant's duty when briefing issues to present arguments that are sufficiently developed with pertinent discussion, references to the record, and citations to legal authorities); *Commonwealth v. B.D.G.*, 959 A.2d 362, 371–72 (Pa. Super. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived."); Pa.R.A.P. 2119.[7]

For these reasons, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

---

[7] Absent waiver, we note that appellate review of a weight claim is a review of the trial court's exercise of discretion in denying a defendant's post-trial motion for a new trial based on the weight of the evidence. *See Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013). The trial court will award a new trial only where the evidence is so tenuous or the jury's verdict is contrary to the evidence that its verdict shocks one's sense of justice. *Id.* at 1055 (citation omitted). On appeal, the trial court's denial of a motion for a new trial is "the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008) (citation omitted). In light of the substantial evidence against Appellant, we discern no abuse of the trial court's discretion in this case. To be clear, the jury's verdict does not shock this Court's sense of justice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/19