**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HOWARD M. JONES, | |
| Appellant | No. 2430 EDA 2015 |

Appeal from the PCRA Order of June 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0908121-2002

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 22, 2016**

Appellant, Howard M. Jones, appeals *pro se* from the order entered on June 29, 2015 dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On October 2, 2003, a jury convicted Appellant of burglary, theft by unlawful taking, and possession of an instrument of crime.  Finding Appellant to be a recidivist offender pursuant to 42 Pa.C.S.A. § 9714,[1] the trial court

---

[1] Section 9714 provides mandatory sentencing enhancements for second and subsequent violent offenses.  It provides, in pertinent part, that "[w]here the person had at the time of the commission of the current offense previously been convicted of two or more [] crimes of violence arising from separate criminal transactions, the person shall be sentenced to

*(Footnote Continued Next Page)*

imposed an aggregate sentence of 25 to 50 years of imprisonment on November 24, 2003.  On November 15, 2006, this Court affirmed Appellant's judgment of sentence.  ***See Commonwealth v. Jones***, 915 A.2d 144 (Pa. Super. 2006) (unpublished memorandum).  The Pennsylvania Supreme Court denied further review on May 15, 2007.  ***See Commonwealth v. Jones***, 923 A.2d 1173 (Pa. 2007).

On November 20, 2007, Appellant filed his first PCRA petition.  On April 22, 2010, the PCRA court entered an order reinstating Appellant's direct appeal rights *nunc pro tunc*.  On appeal, this Court vacated the order reinstating Appellant's direct appeal rights, since Appellant previously litigated a direct appeal.  We, however, remanded the matter and directed counsel to file an amended PCRA petition to raise the issue that Appellant's conviction for theft by unlawful taking should have merged with his burglary conviction for sentencing purposes.  ***See Commonwealth v. Jones***, 60 A.3d 848 (Pa. Super. 2012) (unpublished memorandum).  On January 9, 2013, counsel for Appellant filed an amended PCRA petition as directed.  On May 17, 2013, the PCRA court vacated Appellant's sentence for theft by unlawful taking.  The PCRA court granted no further relief and Appellant did not appeal.

*(Footnote Continued)* ———————————

a minimum sentence of at least 25 years of total confinement."  42 Pa.C.S.A. § 9714(a)(2).

On August 8, 2014, Appellant filed his second *pro se* PCRA petition. After giving the requisite notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the second petition as untimely on June 29, 2015. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues, *pro se*, for our review:

> Did Attorney Samantha Gallagher render Appellant ineffective assistance of counsel, when Attorney Gallagher [a]mended the PCRA petition with respect to the sentence for theft by unlawful taking only, and where counsel abandoned other issues in the *pro se* PCRA petition?
>
> Did Attorney Samantha Gallagher render Appellant ineffective assistance of counsel when PCRA counsel abandoned Appellant and failed to advance any of the *pro se* arguments that Appellant raised in the [*pro se*] PCRA [petition] which caused him to be time barred for his 2nd PCRA petition?
>
> Did PCRA counsel render Appellant ineffective assistance of counsel when PCRA counsel abandoned Appellant and failed to advance the argument that Appellant's trial counsel, Rebecca Lester, was ineffective where trial counsel failed to independently investigate the circumstances of Appellant's 1989 conviction for burglary; and where trial counsel accepted the Commonwealth's inaccurate assurances that, if convicted, Appellant would face sentence as a second strike offender, where the Commonwealth's assurances were incorrect and Appellant actually faced sentence, and indeed was sentenced, as a third strike offender under [42] Pa.C.S.A. § 9714 to 25 to 50 years['] imprisonment?

---

[2] Appellant filed a notice of appeal on July 14, 2015. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 17, 2015.

- 3 -

Did the trial court err in sentencing Appellant as a third strike offender pursuant to [42] Pa.C.S.A. § 9714(a)(2) after Appellant's conviction for F-1 burglary? (Not raised in the PCRA petition, but because illegal sentencing claims are not waived it is possible for this court to review this claim for the first time here).

Appellant's Brief at 6 (unpaginated).

We shall examine all of Appellant's issues in a single discussion as the claims all center on his contention that he received layered ineffective assistance of counsel because various attorneys representing Appellant at trial and on his first PCRA petition failed to challenge the imposition of a mandatory sentence as a third-strike offender under 42 Pa.C.S.A. § 9714. Appellant argues that he pled guilty to three burglaries in 1989 "on the same date, and was sentenced for all three burglaries at the same hearing" which should have amounted to "his first strike for purposes of § 9714(a)(1)." *Id.* at 22. He further claims that an investigation of the record would have shown that one of the prior 1989 convictions stemmed from his entry into a private residence after armed assailants pursued him. *Id.* at 25. Appellant avers that had counsel investigated, "there was a strong probability that [one of the 1989] F-1 burglary offense[s] would have been reduced to a charge of criminal trespass[.]" *Id.* at 20. Accordingly, Appellant claims counsels' cumulative errors caused him to reject a plea offer that resulted in the imposition of a mandatory sentence and he is entitled to relief.[3]

_____

[3] Upon review of the record, Appellant raised an additional claim in his PCRA petition that the PCRA court addressed. Appellant argued that the United
*(Footnote Continued Next Page)*

- 4 -

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014) (bracket omitted). In this case, Appellant alternatively challenges the legality of the sentence he received and the reliability of trial counsel's consultation regarding the range of punishments available under the recidivist provision of Section 9714. "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007). Stated differently, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Taylor*, 65 A.3d at 465 (citation omitted). Under *Taylor*, this Court may not award relief when presented with a meritorious sentencing claim raised in an untimely PCRA petition.

_(Footnote Continued)_ ———————————

States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) announced a new constitutional right that applied to him retroactively in support of an exception to the one-year time bar under the PCRA. The PCRA court rejected Appellant's claim. Appellant has abandoned that issue on appeal and we conclude it is waived. *See Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (holding an issue identified on appeal but not properly developed in an appellate brief is waived). Regardless, we have previously determined that *Alleyne* is not retroactive and cannot serve as the basis for invoking the timeliness exception found at 42 Pa.C.S.A. § 9545(b)(1)(iii). *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

This Court has stated:

> The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> *          *          *
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition [….] are met.[4] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could

_____

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i-iii).

first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame[.]

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (internal citations and quotations omitted). Furthermore, our Supreme Court has declared, "[i]t is well-settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).

Here, our Supreme Court denied review of Appellant's direct appeal on May 15, 2007. Thus, his judgment of sentence became final 90 days later, or on August 13, 2007, after the time for seeking review with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[.]"); U.S. Sup.Ct. R. 13.1. (petition for writ of *certiorari* must be filed within 90 days of date that state court of last resort denies discretionary review). Appellant filed his most recent PCRA petition on August 8, 2014, almost seven years after his judgment of sentence became final. Accordingly, the petition was patently untimely.

Appellant does not assert that one of the Section 9545(b) exceptions applies to overcome the one-year time bar under the PCRA. Moreover, in the absence of a valid timeliness exception, neither a meritorious illegal

sentencing claim nor a claim of ineffective assistance of counsel can overcome the jurisdictional timeliness requirement of the PCRA. Hence, we agree that the PCRA court lacked jurisdiction to entertain Appellant's current PCRA petition.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016

---

[5] Finally, we note that although Appellant asserts that the trial court erred by finding he committed his third strike for Section 9714 purposes, a review of the certified record belies this claim. Appellant was convicted of statutory rape in 1983. N.T., 11/12/2003, at 12. Rape is an enumerated crime of violence under Section 9714 and constitutes Appellant's first strike. *See* 42 Pa.C.S.A. § 9714(g). Appellant was convicted of three burglaries in 1989. A burglary committed wherein a person is present at the time is also a crime of violence. *Id.* Accordingly, even if one of the three 1989 burglaries was committed without a person present as Appellant suggests, he does not challenge the other two burglary convictions for Section 9714 sentencing purposes. Hence, those burglaries resulted in a second strike under Section 9714. Most recently, Appellant pled guilty to burglary in 2003 and it is undisputed that the victim was home at the time of the crime. That conviction resulted in Appellant's third strike and the imposition of the lawful mandatory sentence at issue.

- 8 -