J-S38025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIX LAMAR, | |
| Appellant | No. 2535 EDA 2015 |

Appeal from the PCRA Order of July 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1205341-1995

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 05, 2016**

Appellant, Felix Lamar, appeals from the order entered on July 28, 2015, dismissing as untimely his fourth petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> On November 10, 1997, [Appellant] pleaded guilty to third-degree murder, criminal conspiracy and possession of an instrument of crime.[1]  On December 15, 1997, [Appellant] was sentenced to an aggregate term of thirty-five to seventy years' imprisonment.  [Appellant] did not file a direct appeal.

---

[1]  18 Pa.C.S.A. §§ 2502(c), 903, and 907, respectively.

On March 4, 1999, [Appellant] file[d] his first *pro se* PCRA petition. Counsel was appointed. The [PCRA] court subsequently denied his petition. No appeal was taken.

On January 21, 2003, [Appellant] filed his second PCRA petition. Appointed counsel filed a [] "no-merit" brief and was permitted to withdraw [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. Relief was denied on September 19, 2003, and no appeal was taken.

On August 4, 2004, [Appellant] filed his third PCRA petition. Counsel was again appointed, and [counsel] filed an amended petition. The [PCRA] court dismissed his petition as untimely. The Superior Court affirmed the dismissal on December 19, 2006. [**See Commonwealth v. Lamar**, 918 A.2d 787 (Pa. Super. 2006) (unpublished memorandum).]

PCRA Court Opinion, 9/14/2015, at 1-2 (footnotes incorporated).

Appellant filed the current *pro se* PCRA petition, his fourth, on August 12, 2013. In that petition, Appellant averred that his sentence was illegal pursuant to the United States Supreme Court decision in **Peugh v. United States**, 133 S. Ct. 2072 (2013). Thereafter, on October 15, 2013, Appellant filed a *pro so* attachment to the initial PCRA filing, claiming he was entitled to relief pursuant to the United States Supreme Court decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012). On July 3, 2014, Appellant filed a memorandum of law in support of his PCRA petition in which he relied upon the United States Supreme Court decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013).

Pursuant to Pennsylvania Rule of Criminal Procedure 907, the PCRA court served Appellant with notice of the court's intention to dismiss his

PCRA petition on June 16, 2015. The PCRA court dismissed his petition as untimely on July 28, 2015. This timely *pro se* appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

> Whether the PCRA court erred by not allowing [Appellant] to proceed under his amended *habeas corpus* petition[,] because he did not have any remedy available under [42 Pa.C.S.A. §] 9545['s] time limitations [] to challenge his (unconstitutional) sentence in violation of **Alleyne v. United States**?

Appellant's Brief at 3.

Appellant contends his aggregate aggravated range sentence of 35 to 70 years of imprisonment for third-degree murder, aggravated assault, burglary, possessing an instrument of crime, and conspiracy "imperatively required *habeas corpus* relief" in "the interest of justice." **Id.** at 5. While not entirely clear from his appellate brief, it appears that Appellant argues the trial court illegally imposed mandatory maximum sentences under 42 Pa.C.S.A. § 9712 for committing the offenses with a firearm.[3] **See** Memorandum in Support of PCRA Petition, 7/3/2014, at 3 (arguing, "the

---

[2] Appellant filed a *pro se* notice of appeal on August 17, 2015. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 14, 2015.

[3] We note that the certified record in this case has been reconstructed. The reconstructed record only contains PCRA filings; there are no direct appeal documents. Hence, it is difficult to ascertain precisely how the trial court sentenced Appellant. However, the main thrust of Appellant's claim is that the trial court unlawfully imposed mandatory sentences under 42 Pa.C.S.A. § 9712 for committing the offenses of third-degree murder, aggravated assault, and burglary with a firearm.

mandatory minimum sentence provided for in 42 Pa.C.S.[A.] § 9712(a) is unconstitutional."). Thus, Appellant maintains the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) entitles him to relief because *Alleyne*, "renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." Appellant's Brief, at 5-6. Appellant contends that he presented his claim within 60 days of the date that the Supreme Court decided *Alleyne*. *Id.* at 5.

Initially, we note that Appellant did not raise claims related to *Peugh v. United States*, 133 S. Ct. 2072 (2013) and/or *Miller v. Alabama*, 132 S. Ct. 2455 (2012) in his appellate brief. As Appellant has abandoned these claims, we conclude they are waived.[4] *See Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (holding an issue identified on appeal but not properly developed in an appellate brief is waived).

---

[4] Moreover, those cases appear inapplicable to Appellant's case. *Peugh* dealt with a violation of the *ex post facto* clause when a defendant was sentenced under more punitive guidelines than the guidelines in effect at the time he committed the offenses. Appellant never alleged that he was sentenced under inapplicable guidelines or sentencing statutes that were not in effect. *Miller* prohibited mandatory life sentences without parole for juvenile offenders. Here, although Appellant was a juvenile when he committed a homicide, he did not receive a mandatory life sentence without the possibility of parole.

Next,

> [w]e agree that Appellant's writ of *habeas corpus* [was properly] treated as a PCRA petition. It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

*Commonwealth v. Taylor*, 65 A.3d 462, 465-466 (Pa. Super. 2013) (internal citations omitted). "[A]n issue pertaining to *Alleyne* goes to the legality of the sentence." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). The PCRA provides for an action by which persons serving illegal sentences may obtain collateral relief. *See Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011), *citing* 42 Pa.C.S.A. § 9542. Thus, the PCRA court properly treated Appellant's filings under the PCRA.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014) (bracket omitted). "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007). Stated differently, "although illegal sentencing issues cannot be

waived, they still must be presented in a timely PCRA petition." **Taylor**, 65 A.3d at 465 (citation omitted).

This Court stated:

> The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> $*$ $*$ $*$
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition [....] are met.[5] A petition invoking one of these exceptions

_____

[5] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

*(Footnote Continued Next Page)*

must be filed within sixty days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame[.]

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (internal citations and quotations omitted).

Here, Appellant did not file a direct appeal from his December 15, 1997 judgment of sentence. Thus, his judgment of sentence became final 30 days later, on January 14, 1998, after the time for seeking review with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[.]"); Pa.R.Crim.P. 720(a)(3) ("the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]"). Appellant filed his most recent PCRA petition on August 12, 2013, over 14 years after his judgment of sentence became final. Accordingly, the petition was patently untimely.

In arguing that he was entitled to *habeas* review, Appellant concedes on appeal "his PCRA petition did not satisfy any exception to [the Section] 9545 time limitations." Appellant's Brief at 6. Regardless, Appellant relies

(Footnote Continued) ⎯⎯⎯⎯⎯⎯

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

primarily upon *Alleyne* in alleging that his sentence is illegal. However, we previously determined that *Alleyne* is not retroactive and cannot serve as the basis for invoking the timeliness exception found at 42 Pa.C.S.A. § 9545(b)(1)(iii). *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Thus, Appellant failed to invoke an exception to the PCRA's jurisdictional timeliness requirement. Accordingly, we conclude the PCRA court lacked jurisdiction and properly dismissed Appellant's PCRA petition as untimely.

Finally, on March 23, 2016, Appellant filed a petition under Pa.R.Crim.P. 123[6] to supplement his argument to this Court with the United States Supreme Court's January 25, 2016 decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Montgomery v. Louisiana*, the United States Supreme Court determined that the Louisiana Supreme Court improperly refused to give collateral relief and retroactive effect to the prohibition upon mandatory life sentences without parole for juvenile offenders as set forth in *Miller v. Alabama*, *supra*. We have already concluded that Appellant abandoned and waived his *Miller* issue, and that *Miller* was otherwise inapplicable to Appellant. *See* n.3, *supra*. We conclude, therefore, that *Montgomery v. Louisiana* is likewise irrelevant.

_____

[6] Pennsylvania Rule of **Criminal** Procedure 123 relates to the application for the assignment of counsel. Ostensibly, Appellant sought relief under Pennsylvania Rule of **Appellate** Procedure 123.

Appellant also claims, for the first time in his application for relief, that trial counsel was ineffective for failing to investigate psychological evidence and specific witnesses in negotiating his plea.[7]   **See** Application for Relief, 3/23/2016, at 5-8.  Accordingly, we deny Appellant's application for relief.

Order affirmed.  Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2016

---

[7] This issue is waived.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").