J-A09005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STANLEY EDWARD KRALIK | |
| Appellant | No. 1412 MDA 2016 |

Appeal from the Judgment of Sentence August 12, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000586-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 24, 2017**

Stanley Edward Kralik appeals from the judgment of sentence imposed August 12, 2016, in the Schuylkill County Court of Common Pleas.  The trial court sentenced Kralik to an aggregate term of 20 to 40 years' imprisonment following his jury conviction of, *inter alia*, third-degree murder[1] for the 2014 beating death of Cory Samuels.  On appeal, Kralik challenges the weight and sufficiency of the evidence supporting his conviction, as well as the discretionary aspects of his sentence.  Because we find all of his issues are waived for our review, we affirm the judgment of sentence.

The facts underlying Kralik's conviction are summarized by the trial court as follows:

_____

[1] **See** 18 Pa.C.S. §§ 2502(c).

[O]n January 20-21, 2014[,] the victim [Samuels], [Kralik], a female friend, and the Co-Defendant, Oliver Trizzari, were "hanging out together" at [Kralik's] place of residence. [Kralik] was angry at [the victim] because he had been told that [the victim] sexually assaulted a former girlfriend of [Kralik's]. [Kralik] had announced a plan to kill [the victim]. Because Trizzari was [Kralik's] friend he offered his help in killing [the victim] and he and [Kralik] planned how to do it at least one (1) week prior to the killing. They planned how to lure the victim into the woods where they would murder him and discard his body.

On the evening in question [Kralik], Trizzari, the victim and a girlfriend drank alcohol and smoked "weed" at [Kralik's] place of residence. At that time and place [Kralik] informed Trizzari "we are doing it today". They then escorted the female to her home. [Kralik, Trizzari,] and the victim walked into the forest for a "guy's night out party". [Kralik] took a shovel for the specific purpose of using it to kill [the victim]. After walking for some distance into the woods the victim was told to gather sticks for a bonfire. [Kralik] then gave a pre-arranged signal after which he struck the victim in the back of the head with the shovel. [Kralik] and Trizzari then took turns striking him with the shovel, kicking and choking him. The victim died as a result of the attack. Trizzari and [Kralik] then dragged the victim's body to a place where they covered it with branches and snow. They also covered the victim's blood with snow. [Kralik] then took the victim's wallet, cross pendant, cell phone and lanyard. [Kralik] then returned to his home in the wee hours of the morning, where he burned the victim's food stamp card and other identification. He kept the cross pendant to give to the female he believed was raped by the victim.

The victim's body was not found until September 6, 2014 when a Coaldale resident was in the woods searching for mushrooms. The victim's body parts were scattered over approximately 100 yards. It appeared that his skull had been chewed by a bear or other large animal.

Trial Court Opinion, 9/29/2016, at unnumbered 3-4.

Kralik and Trizzari were later arrested and charged with the victim's murder. Although Kralik was 16 years old at the time of the murder, the

Commonwealth charged him as an adult.[2]  He subsequently filed a motion for decertification to the Juvenile Court, which the trial court denied following a hearing.  Prior to trial, Trizzari entered a negotiated guilty plea to charges of third-degree murder and conspiracy, and was sentenced to a term of 15 to 30 years' imprisonment in exchange for his testimony against Kralik. Kralik's case proceeded to a jury trial.

On June 22, 2016, a jury returned a verdict of guilty on charges of third-degree murder, criminal conspiracy, aggravated assault, robbery, and theft.[3]  The trial court sentenced Kralik, on August 12, 2016, to a term of 20 to 40 years' imprisonment for third-degree murder, a concurrent term of 20 to 40 years' imprisonment for conspiracy to commit murder, and a concurrent term of 66 months to 20 years' imprisonment for robbery.  The remaining charges merged for sentencing purposes.  Kralik did not file a post-sentence motion, but did file this timely direct appeal.[4]

---

[2] At the time of the murder, Trizzari was 20 years old, and the victim was 24 years old.

[3] **See** 18 Pa.C.S. §§ 2502(c), 903, 2702(a)(1), 3701(a)(1)(i), and 3921(a), respectively.  The jury found Kralik not guilty of first and second-degree murder.

[4] On August 26, 2016, the trial court ordered Kralik to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After being granted an extension of time, Kralik complied with the court's directive and filed a concise statement on September 23, 2016.

In his first issue, Kralik purports to challenge both the sufficiency and weight of the evidence supporting his convictions. He argues the testimony of his co-conspirator, Trizzari, was "totally contradicted by the physical evidence and the report of the Commonwealth's expert pathologist." Kralik's Brief at 4.

Preliminarily, we note a challenge to the sufficiency of the evidence is distinct from a challenge to the weight of the evidence. When reviewing a sufficiency claim,

> we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt. Whether sufficient evidence exists to support the verdict is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Patterson***, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, 135 S.Ct. 1400 (2015). Moreover, because the credibility of the witnesses is within the sole province of the jury, who is free to believe all, some or none of the evidence presented at trial, we are not permitted to reweigh the evidence or substitute our judgment for the jury's credibility determinations. ***See Commonwealth v. Spotti***, 94 A.3d 367, 374 (Pa. Super. 2014) (quotation omitted).

However, a challenge to the weight of the evidence involves a different standard and scope of review.

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in

- 4 -

favor of acquittal that a guilty verdict shocks one's sense of justice. On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination.

**Commonwealth v. Lyons**, 79 A.3d 1053, 1067 (2013) (internal citations omitted).

Based on our review of Kralik's argument, we determine he is only challenging the weight of the evidence. His claim focuses solely on Trizzari's account of the assault, which he maintains is "totally inconsistent" with the findings of the Commonwealth's expert forensic anthropologist regarding the "manner and cause of death." Kralik's Brief at 6. "Directed entirely to the credibility of the Commonwealth's chief witness, [Kralik's] claim challenges the weight, not the sufficiency, of the evidence." **Commonwealth v. Palo**, 24 A.3d 1050, 1055 (Pa. Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011).

Furthermore, the case law Kralik cites in his brief refers only to weight of the evidence claims, and he does not even discuss the elements necessary for a third-degree murder conviction. Accordingly, we find Kralik's sufficiency claim is waived. **See Commonwealth v. Bullock**, 948 A.2d 818, 823 (Pa. Super. 2008) (finding claim abandoned when appellant did not develop claim in his brief), *appeal denied*, 968 A.2d 1280 (Pa. 2009). **See also** Pa.R.A.P. 2119(a).

Furthermore, we also find Kralik's weight of the evidence claim is waived for appellate review.

It is well settled that a defendant must present his challenge to the weight of the evidence to the trial court for a review in the first instance. Thereafter, appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Stiles*, 143 A.3d 968, 980 (Pa. Super. 2016) (quotation omitted), *appeal denied*, ___ A.3d ___, 2016 WL 7106404 (Pa. Dec. 6, 2016). Consequently, "[a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013) *(*citations omitted). *See* Pa.R.Crim.P. 607.

Here, Kralik did not file a post-sentence motion, nor did he challenge the weight of the evidence either prior to or during his sentencing hearing. *See generally*, N.T., 8/12/2016, at 1-16. Therefore, the trial court did not consider whether the verdict was against the weight of the evidence, and, this claim is waived for our review.[5]

Next, Kralik challenges the discretionary aspects of his sentence. Specifically, he contends the trial court failed to consider certain mitigating factors, including his age at the time of the offense, his lack of a significant

---

[5] We note the fact that Kralik included this claim in his Pa.R.A.P. 1925(b) statement did not preserve the issue for our review absent the filing of an earlier motion. *See Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009), *cert denied*, 559 U.S. 1111 (2010).

prior criminal history, and psychological reports presented during the decertification hearing that found he was amenable to rehabilitation. ***See*** Kralik's Brief at 8.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-330 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

In the present case, although Kralik filed a timely appeal, he failed to preserve his objection to his sentence in a post-sentence motion, or include in his brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). This Court has explained:

> [W]hen the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal. However, this option is lost if the [Commonwealth] objects to a [Rule] 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

*Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (internal citations omitted).

As noted above, Kralik failed to include the requisite Rule 2119(f) statement in his brief. Moreover, the Commonwealth has objected to this omission. *See* Commonwealth's Brief at 14-15. Accordingly, we are precluded from considering this claim on appeal.[6] *Kiesel*, *supra*.

Therefore, because we conclude all of the claims Kralik raises on appeal are waived, we affirm the judgment of sentence. At this juncture, Kralik's only avenue for relief is a timely filed post-conviction collateral petition challenging trial counsel's ineffectiveness. *See* 42 Pa.C.S. §§ 9541-9546.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2017

---

[6] Even if we were to find his sentencing challenge preserved, "an allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review," particularly where, as here the trial court had the benefit of a pre-sentence investigation report. *Commonwealth v. Rhoades*, 8 A.3d 912, 918–919 (Pa. Super. 2010). *See* N.T., 8/12/2016, at 1.