J-S02044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN GEORGE SOSNA | |
| Appellant | No. 1920 EDA 2016 |

Appeal from the Judgment of Sentence April 8, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002342-2015

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.:                    **FILED MAY 25, 2017**

Brian George Sosna appeals from the April 8, 2016 judgment of sentence entered in the Northampton County Court of Common Pleas following his *nolo contendere* plea to aggravated indecent assault – complainant less than thirteen years old.[1]  We affirm.

The trial court set forth the following factual and procedural history:

> From November 2012 until approximately September 2014, Sosna resided with family members, including his five-year old niece, R.M [("Victim")]. . . . in [address] in Walnutport, Northampton County, Pennsylvania (the "Residence").  On April 24, 2015, Sosna was interviewed by the Jefferson Police Department in Jefferson, Indiana, where the Commonwealth alleges Sosna confessed to sexually assaulting [Victim] in the upstairs bathroom of the Residence, on multiple occasions, while she was in his care.  Through his alleged confession, Sosna asserted that

---

[1] 18 Pa.C.S. § 3125(a)(7).

he had sexual contract with the victim approximately ten times at the Residence. On two occasions, Sosna forced [Victim] to touch his bare penis, of which one of the times he had her ejaculate him into the toilet of the Residence's upstairs bathroom. Additionally, Sosna admitted to placing his tongue on [Victim]'s bare vagina to perform oral sex on her, as well as touching her bare vagina with his fingers while masturbating himself until he ejaculated. Further, on at least two occasions, Sosna indicated that he rubbed his bare penis against [Victim]'s bare vagina.

. . .

On December 10, 2015, Sosna pleaded *nolo contendere* to one count of Aggravated Indecent Assault – Complainant Less than Thirteen Years Old. As part of the factual basis for the plea, the Commonwealth alleged that Sosna sexually abused [Victim] while living at the Residence by rubbing her vagina and placing his fingers inside her vagina. As an aid to sentencing, we ordered a Sexually Violent Predator evaluation from the Pennsylvania Sexual Offenders Assessment Board, a Psychosexual Evaluation, and a Presentence Investigation ("PSI") from the Northampton County Department of Adult Probation and Parole.

. . .

On April 8, 2016, Sosna appeared for sentencing . . . . Sosna, through his attorney, indicated that he had reviewed the PSI and found it to be factually accurate. Sosna also reviewed the guideline calculations on the Sentencing Guideline Forms and acknowledged that the calculations were correct. The calculations indicated that Sosna had a prior record score of one.

For the charge [to which Sosna pled], the Sentencing Guideline Form indicated an offense gravity score of ten, a standard range of thirty months to forty-two months as a minimum, a mitigated-range sentence of eighteen months as a minimum, an aggravated-range sentence of fifty-four months as a minimum, and a statutory maximum sentence of ten years imprisonment and a $25,000 fine.

. . .

[T]he court sentenced Sosna to the statutory maximum, *i.e.*, a minimum period of five years to a maximum period of ten years. As a condition of Sosna's parole, he was prohibited from having any contact with the victim or any other minor child, and was required to abide by the recommendations in the Psychosexual Evaluation and complete all sexual treatment[] programs required by the Department of Corrections. The court ordered that the sentence of imprisonment and parole run consecutive to all other sentences Sosna was currently serving and gave Sosna credit for all time served.

Pa.R.A.P. 1925(a) Stmt., 7/21/16, at 2-5, 13 ("1925(a) Op.").

On April 15, 2015, Sosna filed a motion for reconsideration of sentence, which the trial court denied on May 20, 2016. On June 15, 2016, Sosna filed a timely notice of appeal.

Sosna raises one issue on appeal:

WAS THE COURT[']S SENTENCE OF SIXTY TO ONE[-]HUNDRED TWENTY (60-120) MONTHS['] IMPRISONMENT MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND WITHOUT SUFFICIENT STATED REASONS IN THE RECORD, AND CONSTITUTING AN ABUSE OF DISCRETION[?]

Sosna's Br. at 7 (suggested answer omitted).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we must first determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

- 3 -

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Sosna filed a timely notice of appeal and included a concise statement of the reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We must now determine whether Sosna preserved his discretionary aspects of sentencing claims in his motion to reconsider sentence before considering whether he has raised a substantial question.

We conclude that Sosna's motion for reconsideration failed to challenge the trial court's alleged failure to state the reasons for the sentence imposed. In his motion, Sosna averred that "the Commonwealth requested a sentence in the top end of the standard range" and "the sentence imposed by the [trial c]ourt was a deviation from the [S]entencing [G]uidelines." *See* Mot. for Recon., 4/15/16. Sosna asked the trial court to "reconsider its sentence and modify the sentence so that [he] would be sentenced within the standard range." *Id.* However, Sosna's motion did not challenge the trial court's alleged failure to state adequate reasons for deviating upward from the guideline range, thereby denying "the sentencing judge an opportunity to reconsider or modify [his] sentence on this basis." *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003). Thus,

Sosna has waived this claim.[2] ***See Commonwealth v. Bullock***, 948 A.2d 818, 826 (Pa.Super. 2008) (finding waiver where "[a]ppellant failed to raise the specific claim regarding the sentencing court's alleged failure to state the reasons for his sentence on the record").

However, we conclude that Sosna preserved his claim that the trial court's sentence was manifestly excessive and unreasonable. Sosna's motion stated that he was sentenced above the Sentencing Guideline range sentence and the Commonwealth asked for a sentence at the "top end" of that range, and requested that the trial court reconsider its deviation. ***See***

_____

[2] Even if Sosna had preserved this claim for review, he would not be entitled to relief. While a claim that the trial court failed to place its reasons on the record for deviating from the Sentencing Guidelines raises a substantial question, ***see Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super. 1999), the record shows that the trial court placed its reasons for an "outside above" range sentence on the record, including:

> . . . . 1) the fact that Sosna lied about his education history; 2) Sosna's age coupled with his sporadic prior work history; 3) Sosna's outstanding case for sexual assault; 4) the fact that the victim was an innocent five-year old girl; 5) the fact that the victim was particularly vulnerable due to her age; 6) the effect the crime has had upon the victim; 7) the fact that Sosna was the victim's uncle and in a close relationship with the victim; 8) the finding in the Psychosexual Evaluation that Sosna was in the moderate range risk to reoffend; 9) that the offense was more significant than a crime of similar circumstances; and 10) the fact that Sosna did not express any concern over the severe effect the crime had upon the victim.

1925(a) Op. at 26-27. The trial court also stated these reasons at the time of sentencing. ***See*** N.T., 4/8/16, at 12-17.

Mot. for Recon., 4/15/16. While we recognize that Sosna's motion could have better clarified the issues for review, the motion did allow the trial court to review its sentence and determine whether it had imposed an excessive or unreasonable sentence.

We must now determine whether Sosna's issue raises a substantial question for our review. We evaluate whether a particular sentencing issue raises a substantial question on a case-by-case basis. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quotation omitted). A claim that the sentence imposed was excessive and unreasonable, when that sentence is above the aggravated range under the Sentencing Guidelines, presents a substantial question for our review. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa.Super. 2008) (finding that appellant's "contention that the [trial] court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review."). Therefore, Sosna's claim that the trial court's imposition of a sentence above the aggravated range of the Sentencing Guidelines is not appropriate under the Sentencing Code raises a substantial question.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010). This Court has stated:

> When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. An appellate court must vacate and remand a case where it finds that the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable. In making a reasonableness determination, a court should consider four factors:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing. These general standards mandate that a sentencing court impose a sentence consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

*Sheller*, 961 A.2d 190-91 (internal citations and quotation marks omitted).

We conclude that the trial court did not abuse its discretion in sentencing Sosna to five to ten years' incarceration. While the trial court deviated from the Sentencing Guidelines, it placed the Sentencing Guidelines

ranges on the record and provided comprehensive reasons for imposing the

sentence:

> According to the [G]uideline form, Mr. Sosna has a prior record score of 1. For the charge of aggravated indecent assault, the . . . form provides for an offense gravity score of 10, a standard range sentence of 30 months to 42 months as a minimum, a mitigated sentence of 18 months as a minimum and an aggravated range sentence of 54 months as a minimum. The statutory maximum is 10 years in prison and a $25,000 fine.
>
> . . .
>
> I've reviewed the Pre-Sentence Investigation, the Psychosexual Evaluation[,] and the Sexual Offenders Assessment. I've considered the testimony presented today, the statements made today by Mr. Sosna, his counsel[,] and counsel for the Commonwealth. In addition, I've also considered the guideline form submitted to the Court.
>
> Mr. Sosna, you stand before the Court after having pled *nolo contendere* to the crime of aggravated indecent assault involving a 5 year-old girl. At the time of your plea[,] the Commonwealth indicated that it was prepared to present the following facts to the jury, namely that while [Sosna] resided in a home in Walnutport with several of his family members, one of which was a 5-year-old girl, [Sosna] rubbed the girl's vagina and placed his fingers inside of her vagina.
>
> The Pre-Sentence Investigation indicates that on April 24, 2015 at 1130 hours, Sosna was interviewed at Jefferson Police Department located at 2200 East 10th Street in Jeffersonville, Indiana. Sosna was read his **Miranda** warning and agreed to be interviewed. The interview was recorded audibly and visibly. Sosna provided a confession to sexually assaulting the victim in the upstairs bathroom on multiple occasions.
>
> Sosna related that the sexual contact with the victim occurred approximately 10 times while he resided at the residence. Sosa related that the victim touched his bare

penis twice, of which one of the times he had her ejaculate him into the toilet of the upstairs bathroom. Sosna related that he placed his tongue on the victim's bare vagina and performed oral sex on her in addition to touching her bare vagina with his fingers and masturbating himself until he ejaculated. Sosna also indicated on at least two occasions he rubbed his bare penis against the victim's bare vagina. The reports also indicated that the girl contracted herpes from Mr. Sosna.

. . .

With respect to education, Mr. Sosna indicated that he received a Special Education degree but that he never obtained a GED. This information could not be verified.

With respect to employment, you are 39-years-old and the jobs that you have held have been mostly sporadic positions. The last job that you held was in Indiana where you were employed at a stone company from 1996 to 1999. You reported that you were employed by [another company] as a full-time worker from the age of 19. Until March of 2015, you have been receiving Social Security Disability. You stated that you received this disability because your father had dropped you on your head when you were an infant and your mother drank alcohol while she was pregnant causing you to have Fetal Alcohol Syndrome.

You reported that you have not had any alcohol or drug dependency issues and have never received any form of treatment for drug and alcohol use.

I have also considered your prior criminal record as an adult. In 1994 you were convicted of malicious injury to property in South Carolina. In 2012 you were convicted of an assault in Kentucky and I believe there is a current investigation pending regarding a sexual assault.

You stated that you were married on Valentine's Day, 2015, to Dawn Gutierrez and that you have no children.

I have considered the fact that the victim in the case was a completely innocent 5-year-old girl. Therefore, the fact that the victim was particularly vulnerable due to her age is also a fact that I've considered. I have considered

the effect that the crime has had on the victim. Based upon the victim impact statement made by the [mother of the victim], she has set forth what effect the crime has had on her daughter. I have considered the fact that you were the victim's uncle and in a close relationship to the victim.

I've also considered all of the information and conclusions set forth in the Psychosexual Evaluation . . . . [which] concludes that based upon the information provided, you are in the moderate range risk to re-offend. I've also considered the Sexual Offenders Assessment . . . as well as the testimony presented today at this hearing.

Mr. Sosna, you are 39-years-old. I have considered your age, the information you have given to me, the information in the Pre-Sentence Investigation, the Psychosexual Evaluation, the Sexual Offenders Assessment . . ., the testimony presented today, the guideline form, the statement made today made by you, your counsel, counsel for the Commonwealth as well as the victim – the victim's mother, the fact that the victim was particularly vulnerable due to her age, your family relationships and background, your education, work history, whether you are good candidate for rehabilitation, your potential rehabilitative needs, the protection of the public, the need to deter future similar conduct, the fact a lesser sentence would depreciate the seriousness of the crime, the protection of the public, the effect your crime has had on the community.

In addition, I've considered the offense was more significant than a usual offense of similar circumstances. I've considered all of those factors.

Now, Mr. Sosna, based upon what you did to this little 5-year-old girl, I'm sure that now she believes in monsters and things that go bump in the night. She just never thought that it was her uncle that would be the monster. You listened to what your sister said was the effect that your crime has had on this little girl and it is a horrific effect that will stay with her her entire life.

N.T., 4/8/16, at 4-5, 12-18.  The trial court's extensive statement demonstrates that it considered the requisite statutory factors, the nature and circumstances of Sosna's offense, the impact of Sosna's offense on the victim and the community, and the Sentencing Guidelines.  The trial court also reviewed multiple pre-sentence reports,[3] and considered the testimony at the sentencing hearing.[4]  Therefore, we discern no abuse of discretion by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/25/2017

---

[3] "Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."  **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)).

[4] At the hearing, Victim's mother testified that as a result of the crime, Victim now struggles to concentrate on any task, Victim is separated from her brother and mother, and Victim's relatives can no longer celebrate holidays or important family moments together.  N.T., 4/8/16, at 7-9.