J-S74006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT MINOR :
:
Appellant : No. 3009 EDA 2016

Appeal from the PCRA Order August 26, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003269-2009

BEFORE: BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.: **FILED APRIL 20, 2018**

Robert Minor appeals *pro se* from the order denying his first PCRA petition. We affirm.

On September 15, 2011, a jury convicted Appellant of murder in the third degree, conspiracy, possessing an instrument of crime ("PIC"), and carrying a firearm without a license. The convictions stemmed from the February 2008 shooting death of Daunte Hart near the 3000 block of Berks Street in Philadelphia. Appellant and two cohorts got in an altercation with the victim, and the quarrel quickly escalated to a shootout. The victim sustained five gunshot wounds, one of which severed his spinal cord and penetrated his heart. As it relates to the issue on appeal, during the ensuing murder trial, Sam P. Gulino, M.D., the Chief Medical Examiner for Philadelphia, testified about an autopsy report prepared by his then-assistant, Ian Hood, M.D., who performed the autopsy on the victim.

On January 3, 2012, the trial court imposed an aggregate term of thirty-two and one-half to sixty-five years in prison.[1]  In the ensuing appeal, Appellant challenged, *inter alia*, the sufficiency and weight of the evidence supporting the murder and conspiracy convictions.  We affirmed the judgment of sentence on July 29, 2013, and our Supreme Court denied allowance of appeal on January 29, 2014.  ***Commonwealth v. Minor***, 82 A.3d 1081 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 85 A.3d 483 (Pa. 2014).

On December 17, 2014, Appellant filed a *pro se* PCRA petition that raised a generic claim of ineffective assistance of trial counsel and asserted that the court imposed a sentence that exceeded the lawful maximum. Before the PCRA court appointed counsel, Appellant filed an amended petition that honed his ineffective assistance claim to assail counsel for failing to challenge the validity of the conspiracy conviction.  He also challenged the propriety of grading the homicide as a third-degree murder when the indictment listed a non-specific homicide.  PCRA counsel was appointed, but on May 13, 2016, he filed a petition to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.

---

[1] The sentence was imposed consecutively to an aggregate term of seven and one-half to fifteen years imprisonment that the court imposed on the same date for three unrelated firearm convictions at CP-51-CR-0011780-2008.  Thus, the total term of confinement for both criminal dockets was forty to eighty years.

1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) .

The PCRA Court issued notice pursuant to Pa.R.A.P. 907 of its intention to dismiss the petition without a hearing. In response, Appellant raised a fresh claim that trial counsel was ineffective for neglecting to challenge Dr. Gulino's competency to testify about the autopsy report that he did not prepare. Framing this issue under the rubric of the Confrontation Clause to the United States Constitution, Appellant contended that trial counsel provided ineffective assistance in failing to object to Dr. Gulino's testimony and in neglecting to demand that the Commonwealth present Dr. Hood for cross-examination.

PCRA counsel countered Appellant's new allegation with a supplemental no-merit letter that explained why it lacked arguable merit. That is, counsel highlighted that (1) Dr. Gulino testified as to his own opinion of the autopsy report and was available to be confronted about the opinion he proffered; and (2) Appellant failed to assert, much less establish, how counsel's purported failure to object to Dr. Gulino's testimony was prejudicial, *i.e.*, that it would have changed the outcome of the trial.

On August 26, 2016, the PCRA court dismissed Appellant's petition due to lack of merit and granted counsel leave to withdraw. This timely appeal followed. The PCRA court declined to order Appellant to file a concise statement of errors complained of on appeal. On March 10, 2017, the court filed its Rule 1925(a) opinion.

Appellant presents four questions for our review:

1.   Was Appellant's Sixth Amendment [right under the] (Confrontation Clause). . . violated?

2.   Was trial counsel ineffective?

3.   Was Appellant['s] sentence legal?

4.   How is the Appellant the sole defendant an[d] still charged with conspiracy[?]

Appellant's brief at unnumbered 6.[2]

Our scope and standard of review of decisions denying PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. *Commonwealth v. Chmiel*, 173 A.3d 617, 624 (Pa. 2017).   We review questions of law *de novo*.   *Id*. at 625.

At the outset, we observe that all of Appellant's arguments are either waived or abandoned.   Importantly, Appellant did not couch his first issue in terms of ineffective assistance of counsel.   While Appellant challenged counsel's stewardship regarding confrontation in the PCRA court, he neglected to assert that ineffective assistance claim in his appellate brief.

_____

[2] In his reply brief, Appellant attempts to level an additional claim of ineffective assistance in relation to counsel's failure to object to the trial court's jury instruction regarding causation.   As the claim was not asserted before the PCRA court, it is waived.   Pa.R.A.P. 302(a); *Commonwealth v. Edmiston*, 851 A.2d 883, 889 (Pa. 2004) ("Claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal to this Court.").

Instead, he argued the merits of the underlying contention that the trial court violated his Confrontation Clause rights. However, that specific claim is waived pursuant to both Pa.R.A.P. 302(a) and 42 Pa.C.S. § 9543(a)(3).

Rule 302(a) provides, "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." As Appellant neglected to assert trial court error before the PCRA court, it is waived. For similar reasons, Appellant's argument is thwarted by § 9543(a)(3), which requires a PCRA petitioner to plead and prove that the claim has not been previously litigated or waived. Instantly, Appellant could have asserted trial court error on direct appeal, but he did not. Accordingly, Appellant cannot satisfy the threshold eligibility requirements outlined in § 9543.

The second, third, and fourth claims listed in Appellant's statement of questions presented are abandoned because he failed to develop them in his appellate brief. It is well settled that, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **In re W.H.**, 25 A.3d 330, 339 n.3 (Pa.Super. 2011) (quoting **In re A.C.,** 991 A.2d 884, 897 (Pa.Super. 2010)); **see e.g.**, **Commonwealth v. Bullock**, 948 A.2d 818, 823 (Pa.Super. 2008) ("As Appellant has not developed a weight of the evidence claim in his brief, he has abandoned the same"). Since Appellant's brief is utterly devoid of **any**

discussion relating to the stated issues, we are precluded from reviewing them on appeal.[3]

As it relates to the ineffective assistance claim, Appellant attempted to rectify some of the foregoing flaws in a reply brief. However, those efforts were also defective. Even ignoring the fact that Appellant's corrective tactics flouted the requirement under Pa.R.A.P. 2113 that a reply brief is limited to "matters raised by appellee's brief," Appellant's revisions still failed to present a lucid argument that trial counsel provided ineffective assistance. While the reply brief clearly alleged that trial counsel was ineffective for "failing to object to the testimony of Dr. Gulino about an autopsy that he did not perform," Appellant failed to frame the issue under the rubric of an ineffective assistance of counsel claim. **See** Appellant's reply brief at unnumbered 9. Indeed, he neglected even to set forth the legal framework necessary to attain relief. **See e.g.**, **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987) (outlining three-prong test required to prevail on an ineffectiveness claim: (1) arguable merit; (2) absence of reasonable trial strategy; and (3) prejudice). Again, the failure to develop a legal argument with citation to relevant authority is fatal. **In re W.H.**, **supra** at 339 n.3.

_____

[3] In light of the fact that we may address the legality of sentence *sua sponte*, we review Appellant's sentence and confirm that the thirty-two-and-one-half to sixty-five year sentence imposed at CP-51-CR-0003269-2009 is legal. The sentence is an aggregation of the statutory maximum terms of imprisonment for third-degree murder, criminal conspiracy to commit homicide, and PIC. **See** 18 Pa.C.S. §§ 1102(d); 1103(3); and 1104(1).

As Appellant failed to present any meaningful legal argument in support of his contention that trial counsel provided ineffective assistance, the issue is waived.

As all of the issues that Appellant presented on appeal are either abandoned or waived, we affirm the PCRA court's order denying his petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/18