J-S32011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIA WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1973 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007810-2014

BEFORE: SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 19, 2019**

Appellant Dia Williams appeals from the judgment of sentence imposed after he was convicted of aggravated assault, possession of an instrument of crime, terroristic threats, and simple assault.[1] Appellant argues that the evidence was insufficient to sustain his conviction for aggravated assault because the Commonwealth failed to disprove his self-defense claim. He also challenges the weight of the evidence. We affirm.

The trial court summarized the facts of this matter as follows:

On the evening of June 20, 2014, at 5711 Master Street in West Philadelphia, a verbal and physical altercation occurred between [Appellant], and the [victim], landlord Demond Gallman[,] in the basement of that rental property. [The victim] responded to another tenant's complaint regarding loss of electricity in her unit by inspecting the fuse box in the basement of the property and observed that the wires in the fuse box had been pulled out and disconnected. [Appellant] then approached [the victim] for

_____

[1] 18 Pa.C.S. §§ 2702(a), 907(a), 2706(a), 2701(a).

shutting off his electricity due to unpaid rent and asked [the victim] if he would be turning [Appellant]'s electricity back on. When [the victim] refused to do so, the [Appellant] responded: "Well nobody's electric is getting cut back on." [Appellant] then reached for [the victim]'s wire cutters and refused to return them to [the victim]. [Appellant] pushed [the victim] away using one hand with force, causing [the victim] to respond by striking the [Appellant]'s face with his fist. [Appellant] responded to [the victim]'s strike by continuously swinging directly in a stabbing motion at [the victim]'s left temple with his right fist—with the wire cutters in [Appellant]'s right hand. [The victim]'s chin was cut during the altercation, which resulted in significant blood loss and ten stitches. [Appellant] attempted to flee by running to his room in the rental property. [The victim] followed [Appellant] to his room and observed the window screen missing. Police officers found [Appellant] at the stoop of the back door of the rental property, unable to move due to injury from jumping out of his room's window.

Police officers recovered the wire cutters used by [Appellant], and traces of blood on the basement door and floor at the scene of the altercation. Medical records for [the victim]'s treatment and images of facial injuries to [the victim]'s chin were produced for trial. Police officers also recovered audio recordings of a third party tenant, Ms. Roberts.

Trial Ct. Op., 7/20/18, at 1-2 (record citations and some capitalization omitted).

On December 5, 2016, the matter proceeded to a bench trial, at which both the victim and Appellant testified. At the conclusion of trial, the trial court found Appellant guilty of the foregoing crimes. On February 24, 2017, Appellant filed a post-verdict motion arguing that he "had a right to defend himself and this was a mutual combat situation caused by the alleged victim." *See* Post-Verdict Mot., 2/24/17. The trial court denied Appellant's motion on April 13, 2017.

On July 21, 2017, the trial court held a sentencing hearing. Appellant moved for extraordinary relief under Pa.R.Crim.P. 704(b) on the basis that he acted in self-defense. *See* N.T. Sentencing Hr'g, 7/21/17 at 6. The trial court denied Appellant's motion and sentenced him to five to ten years' incarceration. On July 31, 2017, Appellant timely filed a post-sentence motion preserving a challenge to the weight of the evidence. The trial court denied Appellant's motion on August 2, 2017.

On August 30, 2017, Appellant filed a timely notice of appeal. On November 9, 2017, this Court dismissed Appellant's appeal for failure to file a docketing statement. *See* Pa.R.A.P. 3517. On February 20, 2018, Appellant filed a petition to reinstate his appellate rights *nunc pro tunc*, which the trial court granted on February 22, 2018. On March 23, 2018, Appellant filed a petition under the Post Conviction Relief Act[2] (PCRA), again seeking a reinstatement of his appellate rights.

On June 1, 2018, the trial court reinstated Appellant's right to file a direct appeal *nunc pro tunc*. That same day, Appellant filed a timely notice of appeal. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement on June 27, 2018, and raised the following claims:

1. Th[e trial] court erred, abused its discretion, and unfairly prejudiced [Appellant], because the verdict was against the weight of the evidence.

2. Th[e trial] court erred, abused its discretion, and unfairly prejudiced [Appellant], because the evidence was insufficient to

---

[2] 42 Pa.C.S. §§ 9541-9546.

convict [Appellant] of aggravated assault. There was insufficient evidence to prove [Appellant] attempted "to cause serious bodily injury to another, or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." Moreover, there was insufficient evidence to prove [Appellant] attempted "to cause or intentionally or knowingly cause[d] bodily injury to another with a deadly weapon."

Appellant's Rule 1925(b) Statement, 6/27/18, at 1-2 (citations and some capitalization omitted). The trial court issued a Rule 1925(a) opinion asserting that Appellant's claims were meritless.

Appellant raises two issues on appeal:

[1.] Whether the evidence was sufficient as a matter of law to convict [Appellant] of aggravated assault[.]

[2.] Whether the verdict was against the weight of the evidence.

Appellant's Brief at 8 (full capitalization omitted).

In his first issue, Appellant argues that the Commonwealth failed to present sufficient evidence to rebut his claim of self-defense. *Id.* at 15. In support, Appellant refers to his own trial testimony, and concludes that (1) the victim "caused, and then escalated, the physical altercation[;]" (2) the victim prevented Appellant from retreating; and (3) there was no evidence to show that Appellant did not reasonably believe he was in danger of death or serious bodily injury. *Id.* at 18.

Initially, we note that Appellant did not preserve this issue in his Rule 1925(b) statement. Likewise, the trial court did not address it. Appellant's claim is therefore waived. *See Commonwealth v. Castillo*, 888 A.2d 775,

780 (Pa. 2005); *see also* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived").

Even if Appellant properly preserved his claim, we would find it meritless. Our standard of review in this context is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard or review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Williams*, 176 A.3d 298, 305-06 (Pa. Super. 2017) (citations, brackets, and quotation marks omitted), *appeal denied*, 187 A.3d 908 (Pa. 2018).

Under the Crimes Code, self-defense is included under the defense of justification, which is a complete defense to criminal liability. *See* 18 Pa.C.S. § 502. We have explained that

> [t]he use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. *See* 18 Pa.C.S. § 505(a). When a defendant raises the

issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense.

*Commonwealth v. Bullock*, 948 A.2d 818, 824 (Pa. Super. 2008) (citation omitted).

To disprove a defendant's claim of self-defense, the Commonwealth must establish at least one of the following:

1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety. It remains the province of the jury to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat.

*Commonwealth v. McClendon*, 874 A.2d 1223, 1230 (Pa. Super. 2005) (quotation marks and citations omitted).

"When the defendant's own testimony is the only evidence of self-defense, the Commonwealth must still disprove the asserted justification and cannot simply rely on the [fact-finder's] disbelief of the defendant's testimony[.]" *Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa. Super. 2014). "If there are other witnesses, however, who provide accounts of the material facts, it is up to the fact finder to 'reject or accept all, part or none of the testimony of any witness.' The complainant can serve as a witness to the incident to refute a self-defense claim." *Id.* (citations omitted).

Here, the victim testified that Appellant took the victim's wire cutters and then shoved the victim when he attempted to grab them. In response, the victim punched Appellant, who retaliated by swinging the wire cutters toward the victim's head in a stabbing motion and eventually striking him. Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, there was sufficient evidence to show that Appellant provoked or continued the use of force. **See Smith**, 97 A.3d at 788 (stating that a defendant "must be free from fault in provoking or escalating the altercation that led to the offense" (emphasis and citation omitted)); **McClendon**, 874 A.2d at 1230. Therefore, Appellant's sufficiency claim fails.

In his next claim, Appellant argues that the verdict was against the weight of the evidence. Appellant's Brief at 21. Specifically, he asserts that the victim's testimony was "vague, tenuous, and uncertain." **Id.** at 23. He also claims that the victim displayed "malevolence" towards Appellant, which "compels the determination that the [t]rial [c]ourt should not have believed the witness." **Id.** at 24. Appellant concludes that because the victim was not credible, the verdict was against the weight of the evidence, and the trial court should have granted him a new trial. **Id.**

Our standard of review regarding challenges to the weight of the evidence is well settled:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [fact-finder] is

free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [fact-finder's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Landis***, 89 A.3d 694, 699 (Pa. Super. 2014) (citation omitted).

We have explained that

[a] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.

***Id.*** (citation omitted). Further, "[b]ecause the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Id.*** (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence

and that a new trial should be granted in the interest of justice." ***Id.*** (citation omitted).

Here, the trial court explained that it

rendered its verdict with ample record of credible evidence. The Commonwealth produced audio records of the separate 911 calls on behalf of a third-party resident, medical records and documentation of head injury to the [victim], testimony from [the victim], [Appellant], and law enforcement personnel—all corroborating the attack on [the victim] on June 20, 2014. This [c]ourt, in its proper discretion, placed higher evidentiary weight on the testimony of the complaining witness than that of [Appellant], whose testimony lacked credibility.

Trial Ct. Op. at 5.

Following our review, we discern no abuse of discretion in the trial court's ruling. ***See Landis***, 89 A.3d at 699. The trial court found the victim's testimony more credible than that of Appellant. Therefore, the trial court appropriately concluded that its verdict was not so contrary to the evidence as to require a new trial. ***See id***. Further, we decline to reassess the credibility of the Commonwealth's witnesses and to reweigh the testimony and evidence presented at trial. ***See Commonwealth v. West***, 937 A.2d 516, 523 (Pa. Super. 2007) (emphasizing that the trier of fact is "free to believe all, part or none of the evidence," and "[t]his Court may not [re]weigh the evidence or substitute its judgment [f]or that of the fact finder" (citation omitted)). Accordingly, Appellant's challenge to the weight of the evidence merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/19/19</u>